UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASMINE OLIVER,

    Plaintiff,

 v.                                            Case No.   22-CV-149

AMAZON.COM SERVICES, LLC,

    Defendant.

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

Jasmine Oliver, who is representing herself, sues her former employer, Amazon.com Services, LLC, alleging failure to accommodate and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112, *et seq.*; discrimination based on sex and race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; discrimination based on race in violation of 42 U.S.C. § 1981; and for intentional infliction of emotional distress ("IIED") under Wisconsin law. Amazon moves to dismiss Oliver's complaint without prejudice for failing to meet the requirements of Fed. R. Civ. P. 8(a), 8(d), and 10(b). Amazon also moves to dismiss Oliver's claims for race discrimination under Title VII and for IIED under Wisconsin law with prejudice for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). For the reasons explained below, defendant's motion to dismiss is granted in part and denied in part.

## BACKGROUND

Oliver alleges that she was employed at Amazon from November 2018 through June 18, 2020 as a full-time Fulfillment Associate and as a packer within AFE 1, an

organizational division of Amazon. (Compl., Docket # 1 at 2–3.) Oliver alleges that she has multiple disabilities under the ADA, including anxiety, panic attacks, depression, and tachycardia. (*Id.* at 5.) She alleges that while employed at the Fulfillment Center, she experienced harassment from co-workers regarding her perceived sexual orientation. (*Id.* at 2–3, 14–19.) Oliver alleges that the harassment triggered her mental health conditions and she sought accommodations from Amazon to address her health concerns, including separation from the harassing co-workers. (*Id.* at 2–3, 19.) Oliver alleges that Amazon refused to provide a reasonable accommodation for her disabilities. (*Id.* at 2–3.) Oliver further alleges that Amazon retaliated against her for asserting her rights under the law, including by reassigning her job duties. (*Id.* at 7.) Oliver asserts that she was ultimately "forced off the job" by Amazon. (*Id.*)

Oliver further alleges that she underwent a minor surgical procedure in May 2019 that resulted in a lifting restriction of no more than a gallon of milk. (*Id.* at 11–12.) Oliver alleges that Amazon failed to accommodate her lifting restriction and informed her that she would need to take a leave of absence as she could not perform her job with or without a reasonable accommodation. (*Id.* at 12–13.)

Oliver also asserts that she was discriminated against based on sex in violation of Title VII. (*Id.* at 36–51.) She specifically asserts that she was sexually harassed by a co-worker and despite reporting the harassment to Amazon, Amazon did nothing to follow-up on the charge. (*Id.*) Oliver asserts that she was constructively discharged in April 2020. (*Id.* at 42.)

Next, Oliver alleges that she was discriminated against due to her race in violation of § 1981. (*Id.* at 51–67.) Specifically, it appears that Oliver, who is African American, alleges

that she was disciplined for fighting on the job whereas similarly situated white employees were not disciplined for fighting on the job. (*Id.* at 52–55.) She further alleges that she was not promoted due to her race. (*Id.* at 65–66.)

Finally, Oliver asserts a state law claim of intentional infliction of emotional distress resulting from Amazon's actions. (*Id.* at 67–68.)

## LEGAL STANDARD

While Amazon seeks dismissal of two of Oliver's causes of action for failure to state a claim under Rule 12(b)(6), the crux of Amazon's motion is that Oliver's complaint is sixty-nine pages long, lacks numbered paragraphs, and is difficult to understand, thus violating Rules 8(a), 8(d), and 10(b) and making it very difficult to answer. As such, Amazon seeks dismissal of Oliver's complaint to re-plead in conformity with the federal rules.

Rule 8(a)(2) instructs that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) instructs that while no technical form is required, each allegation pled must be "simple, concise, and direct." Rule 10(b) states that a party "must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Amazon also seeks to dismiss Oliver's race discrimination claim pursuant to Title VII and her intentional infliction of emotional distress claim under Wisconsin law under Rule 12(b)(6). In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When determining the sufficiency of a complaint, the

court should engage in a two-part analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). First, the court must "accept the well-pleaded facts in the complaint as true" while separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (citing *Iqbal*, 556 U.S. at 680). Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 681). As explained in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679. All factual allegations and any reasonable inferences must be construed in the light most favorable to the nonmoving party. *Price v. Bd. of Educ. of City of Chicago*, 755 F.3d 605, 607 (7th Cir. 2014).

## ANALYSIS

1. *Motion to Dismiss Pursuant to Fed. R. Civ. P. 10(b), 8(a), and 8(d)*

As stated above, Amazon moves to dismiss Oliver's complaint on the grounds that Rule 10(b) requires the pleader to state her claims in separate numbered paragraphs, each limited as far as practicable to a single set of circumstances, and Oliver fails to do so. Amazon further moves to dismiss Oliver's complaint under Rules 8(a) and (d), which require the pleader to state her claims in "short and plain statement[s]" that are "simple, concise, and direct," which again, Oliver fails to do.

As Amazon argues, "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378–79 (7th

Cir. 2003). As the court of appeals explains, "Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim." *Id.* That being said, the court of appeals has also recognized that "[s]ome complaints are windy but understandable" and that "[s]urplusage can and should be ignored . . . [i]nstead of insisting that the parties perfect their pleadings, a judge should bypass the dross and get on with the case." *Id.*

In this case, I do not find Oliver's complaint so unwieldy that it is not understandable. While I agree that the complaint contains unnecessary facts, it appears from Amazon's filing that it sufficiently understands Oliver's allegations to properly answer them. And although Oliver does not number her paragraphs and some paragraphs contain more than one set of circumstances, the fact that Oliver does separate each paragraph (though unnumbered), should make it somewhat easier for Amazon to answer the complaint.

I understand that long, unnumbered complaints containing superfluous facts are much more time-consuming for a defendant to answer; however, in this case, given Oliver's *pro se* status and the court of appeals' admonition that "a district court is not 'authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter, a disposable husk around a core of proper pleading,'" *Garst*, 328 F.3d at 378 (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)), I do not find it a good use of resources to require Oliver to redraft her complaint when the core of her claims is understandable. Thus, I will not dismiss Oliver's complaint pursuant to Rules 8 and 10.

## 2. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

Amazon also moves to dismiss Oliver's Title VII race discrimination claim and her IIED claim under Wisconsin law for failure to state a claim upon which relief can be granted. I will address each in turn.

### 2.1 Race Discrimination under Title VII

Amazon argues that Oliver brings a race discrimination claim pursuant to Title VII; however, she failed to include a race discrimination claim in her EEOC charges. (Docket # 12 at 11.) While it is true that as a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge, *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994), Oliver contends that she does not bring her race discrimination claim pursuant to Title VII; rather, she brings it pursuant to § 1981, which does not require administrative exhaustion. (Docket # 17 at 10.) *See Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 539 (7th Cir. 2007) ([Plaintiff] also sued under § 1981, which does not require a plaintiff to bring an EEOC charge before filing a claim in federal court."). Amazon counters, however, that despite Oliver's assertions to the contrary, her complaint states "Count Six: Title VII-Violation of Section 1981-Race Discrimination." (Docket # 19 at 3.)

Despite the title of Count Six, I take Oliver at her word that she is not suing Amazon for race discrimination under Title VII, but only under § 1981. Oliver does not dispute that she has not administratively exhausted her race discrimination claim, as such, she cannot bring this claim under Title VII in federal court. Thus, to the extent Oliver's complaint can be construed as bringing a race discrimination under Title VII, the claim is dismissed.

### 2.2 IIED Under Wisconsin Law

Amazon further argues that Oliver's claim for IIED is preempted by the Wisconsin Worker's Compensation Act ("WCA"). (Docket # 12 at 12.) Oliver contends that her claim for IIED does not pertain to her physical injury in which she previously made a worker's compensation claim, but pertains to a mental injury. (Docket # 17 at 11.) The WCA provides that "the right to recovery of compensation under [the WCA] shall be the exclusive remedy against the employer, any other employee of the same employer and the worker's compensation insurance carrier." *Love v. Med. Coll. of Wisconsin*, 371 F. Supp. 3d 489, 494 (E.D. Wis. 2016) (quoting Wis. Stat. § 102.03(2)). For the WCA to apply: "(1) the employee must sustain an 'injury,' defined as 'harm caused by accident or disease,'" *id.* (quoting *Jenson v. Emp'rs Mut. Cas. Co.*, 154 Wis. 2d 313, 316, 453 N.W.2d 165 (1990)), "and (2) at the time of the injury, the employee must be 'performing service growing out of and incidental to his or her employment,'" *id.* (quoting § 102.03(1)). Wisconsin courts have concluded that IIED claims involve "injuries" as defined by the WCA and are pre-empted. *Id.* at 495 (citing *Jenson*, 154 Wis. 2d 313, 453 N.W.2d 165). Wisconsin courts have found that the term "accident" in the WCA includes intentional acts and covers emotional and mental injuries that are caused by more than day-to-day stress. *Id.* (citing *Jenson*, 154 Wis. 2d at 317–18, 453 N.W.2d 165).

In her complaint, Oliver alleges that Amazon intended to inflict severe distress on her and that she did, in fact, suffer extreme distress in the form of PTSD, depression, anxiety, panic attacks, sleeplessness, and other psychological ailments. (Docket # 1 at 67–68.) Oliver alleges that Amazon perpetuated this distress by intentionally stationing her near those employees who had harassed her. (*Id.* at 67.) Given Oliver's allegations as pled, I find

7

Case 2:22-cv-00149-NJ   Filed 05/12/22   Page 7 of 9   Document 20

her IIED claim pre-empted by the WCA. She alleges an "injury" in the form of emotional and mental injuries and alleges that at the time of her injury, she was performing services growing out of and incidental to her employment. For these reasons, I find that Oliver cannot proceed with her IIED claim and it is dismissed.

    3.    *Motion to Consolidate Cases*

Oliver initially filed three indistinguishable complaints against Amazon that I consolidated pursuant to Fed. R. Civ. P. 42. (Docket # 5.) Oliver subsequently moved to consolidate the three cases for purposes of discovery and trial only, but not for judgment or right to appeal. (Docket # 6.) The crux of Oliver's argument is that she filed three different charges of discrimination with the EEOC and thus there should be three separate judgments. (*Id.*) I disagree. Despite Oliver's three separate EEOC charges, they all relate to the same nexus of facts and occurred during the same time period. (Docket # 6-1.) Oliver filed three identical complaints in each case, despite referencing three separate EEOC charges. I find no reason to consolidate the three cases for discovery and trial only. The cases remained consolidated as a single case through judgment and appeal.

## CONCLUSION

Amazon moves to dismiss Oliver's complaint under Fed. R. Civ. P. 8 and 10 for failing to comply with the structural requirements found in those rules, and moves to dismiss her Title VII race discrimination claim and her IIED claim for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Amazon's motion to dismiss is granted in part and denied in part. To the extent Oliver's complaint alleges race discrimination pursuant to Title VII, that claim is dismissed for failure to exhaust

8

administrative remedies. Oliver's IIED claim is dismissed as pre-empted by the WCA. However, Amazon is called upon to answer to remainder of Oliver's complaint.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants' motion to dismiss (Docket # 11) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that plaintiff's motion to consolidate for discovery and trial only (Docket # 6) is **DENIED**.

Dated at Milwaukee, Wisconsin this 12th day of May, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge