NJ
22c149

CLERK USDC EDWN
FILED

2022 NOV -8 P 12: 29

# Exhibit A

UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
WISCONSIN MILWAUKEE
DIVISION

JASMINE OLIVER,

      Plaintiff,

v.

      Case No. 22-CV-0149

AMAZON.COM SERVICES LLC,

      Defendant.

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

TO: DEFENDANT Amazon.com Services, the PLAINTIFF, Jasmine Oliver, hereby serves her

first set of production of documents to the Defendant pursuant to Federal Rule of Civil Procedure

34 and Federal Rule of Civil Procedure 26, which must be provided within 30 days of service.

Issued by: Jasmine Oliver, Pro Se

      8221 W. Oklahoma Ave, Apt 3, Milwaukee, WI, 53219.

      414-748-3881

## INSTRUCTIONS

1. Pursuant to Rule 34 of the Federal Rules of Civil Procedure (FRCP), PLAINTIFF, JASMINE

OLIVER, submits the following request for production of documents from DEFENDANT

AMAZON.COM SERVICES.

2. Pursuant to FRCP Rule 34(a), Plaintiff acknowledges that these requests are limited to the

scope of FRCP Rule 26(b), and requests that when DEFENDANT is unable to produce certain documents because they fall outside of such scope, DEFENDANT will provide a brief explanation as to the reason why the documents fall outside the scope of the request.

3. If certain requests are duplicative of previous requests to which documents have already been produced, DEFENDANT need not reproduce such documents but is requested to notify PLAINTIFF that such documents are among those already produced.

4. Pursuant to FRCP Rule 34(b)(2)(E), PLAINTIFF requests that when DEFENDANT does produce the requested documents, including electronically stored information (ESI), DEFENDANT will produce such documents or ESI as they are kept in the usual course of business or will organize and label them to correspond to the categories in the request.

5. PLAINTIFF requests that DEFENDANT make a good faith effort to produce any and all requested documents that are readily ascertainable from DEFENDANT, AMAZON.

---

## **DEFINITIONS**

---

A. The words "any" and "all" shall be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request. Furthermore, the use of a verb in any tense shall be construed as the use of the verb in all other tenses and the singular form shall be deemed to include the plural, and vice-versa. The singular form of any noun shall be deemed to include the plural, and vice-versa.

B. "Communication" and "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone

conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail (email), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

C. "Copies of" as set forth in the Instructions to this motion means authentic duplicates of the originals as noted, kept, maintained, and organized by Plaintiff in the ordinary course of business.

D. "Defendant" means any and all employees of Defendant corporation AMAZON

E. "Discussion," "discussions," "discuss," "discusses," "mention," "mentions," "describe," "describes," "analyze" or "analyzes" means any and all inquiries, conferences, conversations, negotiations, agreements or other forms or methods of oral communication or such dialogue sent via e-mail, facsimile, letter, telegram, or other written communication.

F. "Document," "documents," " internal communication," "internal communications," "record," "records," "written communication," "written communication," and "written correspondence" means all data, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, including written papers or memoranda which summarize oral conversations, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following: books; records; reports; contracts; agreements; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks;

notes; notebooks; correspondence; drafts; bulletins; electronic mail (e-mail); facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter-and intra- office communications; photocopies; microfilm; maps; drawings; diagrams; sketches; analyses; transcripts; electronically stored information (ESI) and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English.

G. "Electronically stored information" and "ESI" means any Information on operational systems including accounting, financial, distribution, or manufacturing systems; E-mail; Instant Messages (IM); Web pages; text messages; cell phone data; Excel spreadsheets and underlying formulae; metadata; computer databases (i.e., Access); erased, fragmented or damaged data; CLOUD data; and anything stored on computer, or other electronic means located on or in, but not limited to cache memory; optical disks; magnetic tapes/back-up tapes; magnetic disks (hard drive, floppy disks, etc.); PDAs, IPHONE and Palm Pilots; cell phones; IM tools; or USB drives.

H. The words "or" and "and" shall be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request. The use of a verb in any tense shall be construed as the use of the verb in all other tenses and the singular form shall be deemed to include the plural, and vice-versa. The singular form of any noun shall be deemed to include the plural, and vice-versa.

I. "Request," and "Requests" mean and are limited to the numerical requests set forth in this motion for production of documents.

Plaintiff has provided the definitions set forth below.

1.     "Agreement" means a contract, arrangement, or understanding, formal or informal, oral

or written, between two or more persons.

2.      "Any" means one or more.

3.      "Communication" means any disclosure, transfer, or exchange of information or opinion, however made.

4.      "Amazon" means Amazon.com, each of its predecessors, successors, divisions, subsidiaries, and affiliates, located both in the United States and in any other country, each other person directly or indirectly, wholly or in part, owned or controlled by it, and each joint venture to which any of them is a party, and all present and former directors, officers, employees, agents, consultants, or other persons acting for or on behalf of any of them.

5.      The phrase "describe in detail" as used in these interrogatories includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion and other information relating to (as that phrase is defined below) the subject matter of a specific interrogatory.

6.      "Document" means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

7.      The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

8.      Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

9.      "Identify" or "identity" means to state or a statement of:

a. in the case of a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

b. in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

c. in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d. in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

e. in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

10. "Including" means including, but not limited to.

11. "Person" means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

12. "Relating to" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

13. "Relevant time period" means the time period stated in paragraph 1 of the Instructions.

14. "Year" means calendar year or the twelve-month period on which your business records are based; if the latter is used in responding to a interrogatory, specify the twelve month period used.

15. "You," "your", Defendant, Respondent or "your company" means Amazon.com Services.

16. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following interrogatories all information or documents

that would be excluded absent this definition.

17.    "Amazon MKE 1" means your Amazon Fulfillment Center located at 3501 120th Ave Kenosha, WI.

18.    "Fulfillment Center" Your distribution center where your employees are responsible with fulfilling customer orders.

19.    "Employee" A person employed for wages or salary

20.    "Suspension" The step in a progressive discipline process that removes an employee from the workplace when allegations allegedly necessitate a review and decision about retaining the employee.

21.    "Termination" An employee's departure from a job and the end of an employee's duration with an employer.

22.    "Notice" " Notification or warning of something, and to become aware of.

23.    "Policy/ Policies" A policy entered into wholly or partly for the benefit of the employees of an employer.

24.    "Relevant" Closely connected or appropriate to what is being done or considered.

25.    "Summary"    A description of main points

26.    "Investigation" A thorough search to learn the facts about something complex or unknown

27.    "Request" The act of asking for something.

28.    "Accommodation" Definition under the ADA, is a modification or adjustment to a job, the work environment or the way things are usually done.

29. "Employee Handbook" A manual containing important information for employees outlining policy

30. "Involuntary(involuntarily) Termination" Dismissal from employment due to the actions or decisions of the employer. Termination that has not been initiated by the employee.

31. "Warranting" Necessitate (A certain course of action)

32. "Corrective Action" A process of communicating with the employee to improve behavior or performance after methods such as coaching and warnings have not been successful.

33. "Manager" A person responsible for controlling or administering all or part of a company or similar organization.

34. "Human Resource Staff" Any employee At Amazon, employed within the Human Resource Department, and or handles employee relations, benefits, and training.

35. "Interactive Process" The employee with a disability and the employer working together to determine an accommodation.

36. "Physician" a person qualified to practice medicine.

37. "Indefinitely Suspended" The placement of an employee in an involuntary, non-pay status for a temporary indeterminate period of time pending investigation, inquiry or further management action.

38. "Died" someone or something that has stopped living

39. "Promotion" The ascension of an employee to higher ranks- increase in responsibilities, status and salary.

40. "Undue Hardship" An action requiring significant difficulty or expense.

41. "Salesforce" Software for managing life, health, accommodations and or absence claims

efficiently and securely.

42. "Claimvantage" Software for managing life, health, accommodations and or absence claims efficiently and securely.

43. "Accommodation software" Software for managing life, health, accommodations and or absence claims efficiently and securely.

44. "Time Stamped" Record the time or date of.

---

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT

---

**REQUEST FOR PRODUCTION NO. 1)**  All documents relating to any and all signed code of conduct acknowledgements of every employee within the past ten years at Amazon MKE1.

**REQUEST FOR PRODUCTION NO. 2)**  All documents relating to any and all signed harassment policy acknowledgements of every employee at Amazon MKE1 within the past ten years.

**REQUEST FOR PRODUCTION NO. 3)**  All documents relating to Internal accommodations training for Human Resources within the past ten years at Amazon MKE1.

**REQUEST FOR PRODUCTION NO. 4)**  All documents relating to Internal leave of absence training for management within the past ten years at Amazon MKE1.

**REQUEST FOR PRODUCTION NO. 5)**  All Job descriptions of warehouse associates within the past ten years at Amazon MKE1

**REQUEST FOR PRODUCTION NO. 6)**  All Job descriptions for each position at Amazon MKE1 in the past ten years.

**REQUEST FOR PRODUCTION NO. 7)** All documents relating to Training material provided during orientation within the past ten years at Amazon MKE1

**REQUEST FOR PRODUCTION NO. 8)** All documents and Statements provided by plaintiff to Defendant within the past ten years.

**REQUEST FOR PRODUCTION NO. 9)** All documents relating to Accommodations requests by the Plaintiff within the past ten years.

**REQUEST FOR PRODUCTION NO. 10)** All Leave of absence documents relating to the Plaintiff within the past ten years.

**REQUEST FOR PRODUCTION NO. 11)** All Investigations relating to the Plaintiff within the past ten years.

**REQUEST FOR PRODUCTION NO. 12)** All Personnel records of each employee within the Plaintiff's initial disclosures.

**REQUEST FOR PRODUCTION NO. 13)** All civil rights lawsuits against you in the past ten years at all your physical locations.

**REQUEST FOR PRODUCTION NO. 14)** All investigations relating to workplace violence in the past ten years at Amazon MKE1.

**REQUEST FOR PRODUCTION NO. 15)** All investigations relating to sexual harassment in the past ten years at Amazon MKE1.

**REQUEST FOR PRODUCTION NO. 16)** All investigations relating to retaliation in the past ten years at Amazon MKE1.

**REQUEST FOR PRODUCTION NO. 17)** All investigations into sexual orientation harassment in the past ten years at all your physical locations

**REQUEST FOR PRODUCTION NO. 18)** All copies of employee handbooks in the past ten years at Amazon MKE1.

**REQUEST FOR PRODUCTION NO. 19)** All documents relating to communication with plaintiff within the past ten years.

**REQUEST FOR PRODUCTION NO. 20)** All documents relating to meetings with plaintiff within the past ten years.

**REQUEST FOR PRODUCTION NO. 21)** All documents provided to office of lawyer regulation regarding falsified records relating to the Plaintiff accommodation records within the past five years.

**REQUEST FOR PRODUCTION NO. 22)** All Personnel records of each person in mentioned in the initial pleading for this lawsuit.

**REQUEST FOR PRODUCTION NO. 23)** All documents relating to your interrogatory responses provided to you on October 4th, 2022.

**REQUEST FOR PRODUCTION NO. 24)** All Attendance records of Christian smalls in the past ten years.

**REQUEST FOR PRODUCTION NO. 25)** All documents relating to workplace violence in the past ten years at Amazon MKE1.

**REQUEST FOR PRODUCTION NO. 26)** Personnel records of every employee identified in your response to the plaintiff ERD complaints

**REQUEST FOR PRODUCTION NO. 27)** All documents relating to every employee identified in your ERD position statements

**REQUEST FOR PRODUCTION NO. 28)** All video and audio surveillance at Amazon MKE1 between July 2019 through June 2020.

**REQUEST FOR PRODUCTION NO. 29)** All email communication between July 2019-present relating to any aspect of this lawsuit in the past ten years

**REQUEST FOR PRODUCTION NO. 30)** All electronically store information relating to this lawsuit to be provided in its original format

**REQUEST FOR PRODUCTION NO. 31)** All documents of email communications that mention sexual harassment, Jasmine Oliver, Davina, Kimberly Nash, Tayveion Victorian, workplace violence, threats of violence, fights, Marissa Dyess, accommodations, retaliation, and any aspect or person with information of any of the Plaintiffs claims and your defenses relating to this lawsuit, within the past ten years,

**REQUEST FOR PRODUCTION NO. 32)** All documents relating to involuntary terminations in the past ten years at Amazon MKE1

**REQUEST FOR PRODUCTION NO. 33)** All documents relating to disciplinary action in the past ten years at Amazon MKE1.

**REQUEST FOR PRODUCTION NO. 34)** All documents relating to transfers to and from Amazon MKE1 since 2019- present

**REQUEST FOR PRODUCTION NO. 35)** All documents relating to promotions between 2019- present at Amazon MKE1

**REQUEST FOR PRODUCTION NO. 36)** All documents relating to employees that have died within your warehouse in the past ten years

**REQUEST FOR PRODUCTION NO. 37)** All documents relating to Productivity rates for the past 10 years at Amazon MKE1

## CERTIFICATE OF SERVICE

1. Case Name: Jasmine Oliver vs. Amazon.com services
2. Case Number: 22-cv-0149
3. What documents were served? Plaintiff's First Set of Discovery Request
4. How was the document served? Email and Mail
I hereby certify that, on the same date set forth above, I served via email and mail this same day on the following:
10/04/2022

5. Sent to:
ATTN: Amazon.com Services -Respondent
Casey Kaiser & Sofija Anderson
Littler Mendelson P.C.
111 E Kilbourn Ave Unit 1000 Milwaukee, WI 53202

6. When were the documents sent? 10/04/2022

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signed,

/S/ *Jasmine S. Oliver*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JASMINE OLIVER,

        Plaintiff,

    v.                               Case No. 22-CV-0149

AMAZON.COM SERVICES LLC,

        Defendant.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Respondent, AMAZON.COM SERVICES LLC (hereinafter "Defendant" or "Amazon"), by its attorneys, Littler Mendelson, P.C., hereby responds to Plaintiff's First Set of Requests for Production of Documents to Defendant as follows:

**REQUEST NO. 1:** All documents relating to any and all signed code of conduct acknowledgements of every employee within the past ten years at Amazon MKE1.

**RESPONSE:** Defendant will produce Plaintiff's personnel records, including any acknowledgments signed during the course of her employment with Defendant.

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects to Request No. 1 in that it does not describe with reasonable particularity the documents requested. Defendant further objects that this request is vague as to the term "signed code of conduct acknowledgments." Defendant objects to this request as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, Plaintiff seeks every document "relating to any and all signed code of conduct acknowledgments

of every employee within the past ten years at Amazon MKE1" which would require Defendant to review personnel records for thousands of employees. Further, other employees' acknowledgements have no bearing whatsoever on the elements Plaintiff must establish in this case. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Defendant also objects that this request seeks confidential and private personnel documents related to third parties, thereby invading their privacy rights.

**REQUEST NO. 2:** All documents relating to any and all signed harassment policy acknowledgements of every employee at Amazon MKE1 within the past ten years.

**RESPONSE:** Defendant will produce Plaintiff's personnel records, including any acknowledgments signed during the course of her employment with Defendant.

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects to Request No. 2 in that it does not describe with reasonable particularity the documents requested. Defendant objects that this request is vague as to the term "signed harassment policy acknowledgments." Defendant further objects to this request as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, Plaintiff seeks every document "relating to any and all signed harassment policy acknowledgments of every employee at Amazon MKE1 within the past ten years" which would require Defendant to review personnel records for thousands of employees. Further, other employees' acknowledgements have no bearing whatsoever on the elements Plaintiff must establish in this case. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Defendant also objects that this request seeks

2

confidential and private personnel documents related to third parties, thereby invading their privacy rights.

**REQUEST NO. 3:** All documents relating to Internal accommodations training for Human Resources within the past ten years at Amazon MKE1.

**RESPONSE:** Defendant objects to this Request as follows: Defendant objects to Request No. 3 in that it does not describe with reasonable particularity the documents requested. Defendant further objects that this request is vague as to the term "Internal accommodations training." Defendant further objects to this request as overbroad in cope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, Plaintiff seeks every document "relating to Internal accommodations training for Human Resources within the past ten years at Amazon MKE1." Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Defendant also objects that this request seeks confidential and private personnel documents related to third parties, thereby invading their privacy rights.

**REQUEST NO. 4:** All documents relating to Internal leave of absence training for management within the past ten years at Amazon MKE1

**RESPONSE:** Defendant objects to this Request as follows: Defendant objects to Request No. 4 in that it does not describe with reasonable particularity the documents requested. Defendant further objects that this request is vague as to the term "Internal leave of absence training." Defendant further objects to this request as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, Plaintiff seeks every document "relating to Internal leave of absence training for Human Resources within the past ten years at Amazon MKE1." Defendant further objects to this request to the extent it seeks information

3

protected by the attorney-client privilege and work product doctrine. Defendant also objects that this request seeks confidential and private personnel documents related to third parties, thereby invading their privacy rights.

**REQUEST NO. 5:** All Job descriptions of warehouse associates within the past ten years at Amazon MKE1.

**RESPONSE:** Defendant will produce the job description for the position Plaintiff held, Fulfillment Associate, in place from November 8, 2018 to June 19, 2020.

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects that Request No. 5 as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, Plaintiff seeks every job description applicable to any warehouse associate at MKE1 for a period of ten years. Defendant further objects to this request to the extent it seeks the disclosure of confidential, proprietary, and/or trade secrets.

**REQUEST NO. 6:** All Job descriptions for each position at Amazon MKE1 in the past ten years.

**RESPONSE:** Defendant will produce the job description for the position Plaintiff held, Fulfillment Associate, in place from November 8, 2018 to June 19, 2020.

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects to Request No. 6 as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, Plaintiff seeks every job description applicable to any associate at MKE1 for a period of ten years. Defendant further objects to this request to the extent it seeks the disclosure of confidential, proprietary, and/or trade secrets.

4

**REQUEST NO. 7:**  All documents relating to Training material provided during orientation within the past ten years at Amazon MKE1

**RESPONSE:**  Defendant will produce Plaintiff's personnel records, including records related to training received during the course of her employment with Defendant.

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects to Request No. 7 in that it does not describe with reasonable particularity the documents requested. Defendant further objects that this request is vague as to the term "Training material." Defendant further objects to this request as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, Plaintiff seeks every document "relating to Training material provided during orientation within the past ten years at Amazon MKE1" which would require Defendant to review personnel records for thousands of employees. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Defendant also objects that this request seeks confidential and private personnel documents related to third parties, thereby invading their privacy rights. Defendant further objects to this request to the extent it seeks the disclosure of confidential, proprietary, and/or trade secrets.

**REQUEST NO. 8:**  All documents and Statements provided by plaintiff to Defendant within the past ten years.

**RESPONSE:**  Defendant will produce statements provided by Plaintiff during her employment.

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects to Request No. 8 in that it does not describe with reasonable particularity the documents requested. Defendant further objects that this request is vague as to the terms "statements" and "provided." Defendant further objects to this request as overbroad in scope and

5

time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, Plaintiff seeks "[a]ll documents and Statements provided by Plaintiff to Defendant" for a time span of ten years, irrespective of the subject matter of such documents or statements.

**REQUEST NO. 9:** All documents relating to Accommodations requests by the Plaintiff within the past ten years.

**RESPONSE:** Defendant will produce Plaintiff's medical file, including documents related to Defendant's efforts to engage in the interactive process with Plaintiff.

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects to Request No. 9 in that it does not describe with reasonable particularity the documents requested. Defendant further objects to this request as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, Plaintiff seeks "[a]ll documents relating to Accommodations requests by the Plaintiff" for a time span of ten years, irrespective of whether such accommodation or documents are at issue in this matter. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine.

**REQUEST NO. 10:** All Leave of absence documents relating to the Plaintiff within the past ten years.

**RESPONSE:** Defendant will produce Plaintiff's medical file, including documents related to Defendant's efforts to engage in the interactive process with Plaintiff.

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects to Request No. 10 in that it does not describe with reasonable particularity the documents requested. Defendant further objects to this request as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's

6

claims or Defendant's defenses, or proportional to the needs of the case. In particular, Plaintiff seeks "[a]ll leave of absence documents relating to the Plaintiff" for a time span of ten years, irrespective of whether such leave or documents are at issue in this matter. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine.

**REQUEST NO. 11:** All Investigations relating to the Plaintiff within the past ten years.

**RESPONSE:** Defendant will produce documents, including statements, related to the investigation that led to the termination of Plaintiff's employment.

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects to Request No. 11 in that it does not describe with reasonable particularity the documents requested. Defendant further objects to this request as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, Plaintiff seeks documents with respect to "[a]ll Investigations relating to the Plaintiff" for a time span of ten years," irrespective of whether such investigations or documents are at issue in this matter. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Defendant also objects that this request seeks confidential and private documents related to third parties, thereby invading their privacy rights.

**REQUEST NO. 12:** All Personnel records of each employee within the Plaintiff's initial disclosures.

**RESPONSE:** Defendant will produce personnel records for Plaintiff.

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects to Request No. 12 as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's

7

defenses, or proportional to the needs of the case. In particular, Plaintiff seeks "[a]ll Personnel records of each employee within the Plaintiff's initial disclosures" which consists of at least 107 pages of individuals, encompassing hundreds of individuals, that Plaintiff purports have discoverable information. Such request would encompass thousands of documents and more than 10,000 pages of documents. Defendant also objects that this request seeks confidential and private personnel documents related to third parties, thereby invading their privacy rights.

**REQUEST NO. 13:** All civil rights lawsuits against you in the past ten years at all your physical locations.

**RESPONSE:** Defendant objects to this Request as follows: Defendant objects to Request No. 13 as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. As written, this request encompasses civil rights complaints made by any person – whether an Amazon employee, customer, vendor, or third party - against Amazon or its employees without consideration to the temporal and geographical scope relevant to this matter. Defendant further objects to this request on the grounds that it seeks improper comparator evidence because the fact that any person, most of whom are not similarly situated to Plaintiff, may have accused Defendant of civil rights violations has no bearing whatsoever on the elements Plaintiff must establish in this case. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Defendant also objects to this request to the extent it seeks publicly available information.

**REQUEST NO. 14:** All investigations relating to workplace violence in the past ten years at Amazon MKE1.

**RESPONSE:** Defendant will produce documents, including statements, related to the investigation that led to the termination of Plaintiff's employment.

8

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects to Request No. 14 in that it does not describe with reasonable particularity the documents requested. Defendant further objects to this request as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. As written, this request encompasses investigations with respect to any employee without consideration to the temporal scope relevant to this matter, nor to the department in which the employees worked. Defendant further objects to this request on the grounds that it seeks improper comparator evidence because the fact that there may have been an investigation involving persons, most of whom are not similarly situated to Plaintiff, has no bearing whatsoever on the elements Plaintiff must establish in this case. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Defendant also objects that this request seeks confidential and private documents related to third parties, thereby invading their privacy rights.

**REQUEST NO. 15:** All investigations relating to sexual harassment in the past ten years at Amazon MKE1.

**RESPONSE:** Defendant objects to this Request as follows: Defendant objects to Request No. 15 in that it does not describe with reasonable particularity the documents requested. Defendant further objects to this request as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. As written, this request encompasses investigations with respect to any employee without consideration to the temporal scope relevant to this matter, nor to the department in which the employees worked. Defendant further objects to this request on the grounds that it seeks improper comparator evidence because the fact that any

9

person, most of whom are not similarly situated to Plaintiff, may have been a part of a sexual harassment investigation has no bearing whatsoever on the elements Plaintiff must establish in this case. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Defendant also objects that this request seeks confidential and private documents related to third parties, thereby invading their privacy rights.

**REQUEST NO. 16:** All investigations relating to retaliation in the past ten years at Amazon MKE1.

**RESPONSE:** Defendant objects to this Request as follows: Defendant objects to Request No. 16 in that it does not describe with reasonable particularity the documents requested. Defendant further objects to this request as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. As written, this request encompasses investigations with respect to any employee without consideration to the temporal scope relevant to this matter, nor to the department in which the employees worked. Defendant further objects to this request on the grounds that it seeks improper comparator evidence because the fact that any person, most of whom are not similarly situated to Plaintiff, may have been a part of an investigation into an allegation of retaliation has no bearing whatsoever on the elements Plaintiff must establish in this case. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Defendant also objects that this request seeks confidential and private documents related to third parties, thereby invading their privacy rights.

**REQUEST NO. 17:** All investigations into sexual orientation harassment in the past ten years at all your physical locations

**RESPONSE:** Defendant objects to this Request as follows: Defendant objects to Request No. 17 in that it does not describe with reasonable particularity the documents requested.

10

Defendant further objects to this request as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. As written, this request encompasses investigations with respect to any employee without consideration to the temporal scope relevant to this matter, nor to the department in which the employees worked. Defendant further objects to this request on the grounds that it seeks improper comparator evidence because the fact that any person, most of whom are not similarly situated to Plaintiff, may have been a part of a sexual orientation harassment investigation has no bearing whatsoever on the elements Plaintiff must establish in this case. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Defendant also objects that this request seeks confidential and private documents related to third parties, thereby invading their privacy rights.

**REQUEST NO. 18:** All copies of employee handbooks in the past ten years at Amazon MKE1.

**RESPONSE:** Defendant will produce its Owner's Manual and Guide to Employment in effect during the relevant time period.

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects to Request No. 18 as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, Plaintiff seeks employee handbooks in place for a timespan of ten years. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine.

**REQUEST NO. 19:** All documents relating to communication with plaintiff within the past ten years.

**RESPONSE:** Defendant will produce Plaintiff's personnel records and Plaintiff's medical file, including documents related to Defendant's efforts to engage in the interactive process with Plaintiff and documents related to Plaintiff's administrative charges against Defendant.

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects to Request No. 19 in that it does not describe with reasonable particularity the documents requested. Defendant further objects to this request as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, Plaintiff seeks "[a]ll documents relating to communication with plaintiff" for a timespan of ten years", irrespective of whether such are related to any of the claims or defenses in this matter. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine.

**REQUEST NO. 20:** All documents relating to meetings with plaintiff within the past ten years.

**RESPONSE:** Defendant will produce Plaintiff's personnel records and Plaintiff's medical file, including documents related to Defendant's efforts to engage in the interactive process with Plaintiff.

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects to Request No. 20 in that it does not describe with reasonable particularity the documents requested. Defendant further objects to this request as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, Plaintiff

12

seeks "[a]ll documents relating to meetings with plaintiff" for a timespan of ten years", irrespective of whether such are related to any of the claims or defenses in this matter. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine.

**REQUEST NO. 21:** All documents provided to office of lawyer regulation regarding falsified records relating to the Plaintiff accommodation records within the past five years

**RESPONSE:** Defendant objects to this Request as follows: Defendant objects to Request No. 21 in that it does not describe with reasonable particularity the documents requested. Defendant further objects to this request as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, Plaintiff's complaint to the Office of Lawyer Regulation and documents submitted in response to that complaint have no bearing whatsoever on the elements Plaintiff must establish in this case. Defendant further objects to this request to the extent the documents sought are equally available to Plaintiff. Moreover, Defendant objects that records related to Plaintiff's Office of Lawyer Regulation grievances are not in Amazon's possession, custody, or control.

**REQUEST NO. 22:** All Personnel records of each person in mentioned in the initial pleading for this lawsuit.

**RESPONSE:** Defendant will produce personnel records for Plaintiff.

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects to Request No. 22 in that it is overbroad in scope and time, unduly burdensome, and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, this request seeks "[a]ll [p]ersonnel records of each person in [sic] mentioned in" Plaintiff's 69-page Complaint. Such request would encompass hundreds of documents and more than 1,000 pages of documents. Defendant further objects to

13

this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Defendant objects to this request to the extent that it is duplicative of Request No. 12. Defendant also objects that this request seeks confidential and private personnel documents related to third parties, thereby invading their privacy rights.

**REQUEST NO. 23:** All documents relating to your interrogatory responses provided to you on October 4th, 2022.

**RESPONSE:** Defendant refers Plaintiff to the documents produced herewith.

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects to Request No. 23 in that it does not describe with reasonable particularity the documents requested. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Defendant also objects that this request seeks confidential and private documents related to third parties, thereby invading their privacy rights. Defendant further objects to this request to the extent it seeks the disclosure of confidential, proprietary, and/or trade secrets.

**REQUEST NO. 24:** All Attendance records of Christian Smalls in the past ten years.

**RESPONSE:** Defendant objects to this request as follows: Defendant objects to Request No. 24 in that it is overbroad in scope and time, unduly burdensome, and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, this request seeks Christian Smalls' attendance records for a timespan of ten years. Mr. Smalls has no material relevance to this matter and as such, Plaintiff's request for his attendance records constitutes an improper fishing expedition. Defendant further objects that this request seeks confidential and private personnel documents related to a third party, thereby invading his privacy rights.

14

**REQUEST NO. 25:** All documents relating to workplace violence in the past ten years at Amazon MKE1.

**RESPONSE:** Defendant will produce documents, including statements, related to the investigation that led to the termination of Plaintiff's employment.

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects to Request No. 25 in that it does not describe with reasonable particularity the documents requested. Defendant further objects to this request as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. As written, this request encompasses investigations with respect to any employee without consideration to the temporal scope relevant to this matter, nor to the department in which the employees worked. Defendant further objects to this request on the grounds that it seeks improper comparator evidence because the fact that there may have been an investigation involving persons, most of whom are not similarly situated to Plaintiff, has no bearing whatsoever on the elements Plaintiff must establish in this case. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Defendant also objects that this request seeks confidential and private documents related to third parties, thereby invading their privacy rights. Moreover, Defendant objects to this request to the extent it is duplicative of Request No. 14.

**REQUEST NO. 26:** Personnel records of every employee identified in your response to the plaintiff ERD complaints

**RESPONSE:** Defendant will produce personnel records for Plaintiff.

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects to Request No. 26 as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's

15

defenses, or proportional to the needs of the case. In particular, Plaintiff seeks "[a]ll Personnel records of every employee identified" in Defendant's response to Plaintiff's "ERD complaints" without any explanation as to how personnel records for these individuals is relevant. Defendant further objects that this request seeks confidential and private personnel documents related to third parties, thereby invading their privacy rights.

**REQUEST NO. 27:** All documents relating to every employee identified in your ERD position statements

**RESPONSE:** Defendant will produce personnel records for Plaintiff.

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects to Request No. 26 in that it does not describe with reasonable particularity the documents requested. Defendant further objects to this request as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, Plaintiff seeks "[a]ll documents relating to every employee identified" in Defendant's ERD position statements" without any explanation as to how every single document relating these individuals is relevant. Defendant further objects that this request seeks confidential and private personnel documents related to third parties, thereby invading their privacy rights. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine.

**REQUEST NO. 28:** All video and audio surveillance at Amazon MKE1 between July 2019 through June 2020.

**RESPONSE:** Defendant is not aware of any audio or video related to Plaintiff's claims in its possession, custody, or control outside of the audio files produced by Plaintiff in response to Defendant's discovery requests.

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects to Request No. 28 as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, Plaintiff seeks "[a]ll video and audio surveillance at Amazon MKE1 between July 2019 through June 2020" without any limitation to surveillance relevant to Plaintiff's employment or her claims in this lawsuit. Defendant further objects that this request seeks confidential and private audio or video of third parties, thereby invading their privacy rights. Defendant further objects to this request to the extent it seeks the disclosure of confidential, proprietary, and/or trade secrets.

**REQUEST NO. 29:** All email communication between July 2019- present relating to any aspect of this lawsuit in the past ten years

**RESPONSE:** Defendant will produce Plaintiff's personnel records and Plaintiff's medical file, including documents related to Defendant's efforts to engage in the interactive process with Plaintiff, documents, including statements, related to the investigation that led to the termination of Plaintiff's employment, and documents related to Plaintiff's administrative charges against Defendant.

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects to Request No. 29 in that it does not describe with reasonable particularity the documents requested. Defendant further objects that this request is vague as to the term "any aspect." Defendant also objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine. To the extent Plaintiff seeks electronically stored information ("ESI"), Defendant requests that Plaintiff "meet and confer" with Defendant's counsel to agree on custodian and search parameters. Defendant will not produce any additional ESI until and unless these parameters are defined, and unless such information can be reasonably

17

accessed and produced without incurring undue burden or cost and in a manner commensurate with and proportional to the needs of this case.

**REQUEST NO. 30:** All electronically store information relating to this lawsuit to be provided in its original format

**RESPONSE:** Defendant will produce Plaintiff's personnel records and Plaintiff's medical file, including documents related to Defendant's efforts to engage in the interactive process with Plaintiff, documents, including statements, related to the investigation that led to the termination of Plaintiff's employment, and documents related to Plaintiff's administrative charges against Defendant.

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects to Request No. 30 in that it does not describe with reasonable particularity the documents requested. Defendant further objects that this request is vague as to the term "original format" and the phrase "relating to this lawsuit." Defendant also objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine. As Plaintiff seeks ESI, Defendant requests that Plaintiff "meet and confer" with Defendant's counsel to agree on custodian and search parameters. Defendant will not produce any additional ESI until and unless these parameters are defined, and unless such information can be reasonably accessed and produced without incurring undue burden or cost and in a manner commensurate with and proportional to the needs of this case.

**REQUEST NO. 31:** All documents of email communications that mention sexual harassment, Jasmine Oliver, Davina, Kimberly Nash, Tayveion Victorian, workplace violence, threats of violence, fights, Marissa Dyess, accommodations, retaliation, and any aspect or person with information of any of the Plaintiffs claims and your defenses relating to this lawsuit, within the past ten years,

**RESPONSE:** Defendant will produce Plaintiff's personnel records and Plaintiff's medical file, including documents related to Defendant's efforts to engage in the interactive process with

18

Plaintiff, documents, including statements, related to the investigation that led to the termination of Plaintiff's employment, and documents related to Plaintiff's administrative charges against Defendant.

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects that Request No. 31 is vague as to the term "any aspect." Defendant objects to this request as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. As written, this request encompasses "all" emails that even mention a series of persons or a series of topics, with no geographic limitation and without consideration to the temporal scope relevant to this matter. Such request is a fishing expedition that would result in thousands of irrelevant emails. Defendant further objects to this request on the grounds that it seeks improper comparator evidence because the fact that any person, most of whom are not similarly situated to Plaintiff, may have been noted in an email referencing any of the topics referenced in this request has no bearing whatsoever on the elements Plaintiff must establish in this case. Defendant objects to this request as it seeks confidential and private email communications related to third parties, thereby invading their privacy rights. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine. As Plaintiff seeks ESI, Defendant requests that Plaintiff "meet and confer" with Defendant's counsel to agree on custodian and search parameters. Defendant will not produce any additional ESI until and unless these parameters are defined, and unless such information can be reasonably accessed and produced without incurring undue burden or cost and in a manner commensurate with and proportional to the needs of this case.

**REQUEST NO. 32:** All documents relating to involuntary terminations in the past ten years at Amazon MKE1

**RESPONSE:** Defendant will produce documents relating to the termination of Plaintiff's employment, including statements, related to the investigation that led to the termination of Plaintiff's employment.

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects to Request No. 32 in that it does not describe with reasonable particularity the documents requested. Defendant further objects to this request as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. As written, this request is objectionable in that its temporal limitation covers extensive periods before and since Plaintiff's employment and it is overly broad in that it encompasses departments other than Plaintiff's. Defendant objects to this request on the grounds that it seeks improper comparator evidence because the fact that other employees, most of whom are not similarly situated to Plaintiff, were terminated has no bearing whatsoever on the elements Plaintiff must establish in this case. Responding to this request would require Defendant to review and produce thousands of pages of documents that have no bearing on this suit. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Defendant further objects that this request seeks confidential and private personnel records of third parties, thereby invading their privacy rights.

**REQUEST NO. 33:** All documents relating to disciplinary action in the past ten years at Amazon MKE1.

**RESPONSE:** Defendant will produce documents relating to the termination of Plaintiff's employment, including statements, related to the investigation that led to the termination of Plaintiff's employment.

20

Notwithstanding the response above, Defendant objects to this Request as follows: Defendant objects to Request No. 33 in that it does not describe with reasonable particularity the documents requested. Defendant further objects to this request as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. As written, this request is objectionable in that its temporal limitation covers extensive periods before and since Plaintiff's employment and it is overly broad in that it encompasses departments other than Plaintiff's. Defendant objects to this request on the grounds that it seeks improper comparator evidence because the fact that other employees, most of whom are not similarly situated to Plaintiff, were subject to disciplinary action has no bearing whatsoever on the elements Plaintiff must establish in this case. Responding to this request would require Defendant to review and produce thousands of pages of documents that have no bearing on this suit. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Defendant further objects that this request seeks confidential and private personnel records of third parties, thereby invading their privacy rights.

**REQUEST NO. 34:** All documents relating to transfers to and from Amazon MKE1 since 2019- present

**RESPONSE:** Defendant objects to this request as follows: Defendant objects to Request No. 34 in that it does not describe with reasonable particularity the documents requested. Defendant further objects to this request as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. As written, this request is objectionable in that its temporal limitation covers the period subsequent to Plaintiff's employment and it is overly broad in that it encompasses departments other than Plaintiff's. Defendant objects to this request

21

on the grounds that it seeks improper comparator evidence because the fact that other employees, most of whom are not similarly situated to Plaintiff may have transferred has no bearing whatsoever on the elements Plaintiff must establish in this case. Responding to this request would require Defendant to review and produce thousands of pages of documents that have no bearing on this suit. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Defendant further objects that this request seeks confidential and private personnel records of third parties, thereby invading their privacy rights.

**REQUEST NO. 35:** All documents relating to promotions between 2019- present at Amazon MKE1

**RESPONSE:** Defendant objects to this request as follows: Defendant objects to Request No. 35 in that it does not describe with reasonable particularity the documents requested. Defendant further objects to this request as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. As written, this request is objectionable in that its temporal limitation covers the period subsequent to Plaintiff's employment and it is overly broad in that it encompasses departments other than Plaintiff's. Defendant objects to this request on the grounds that it seeks improper comparator evidence because the fact that other employees, most of whom are not similarly situated to Plaintiff may have been promoted has no bearing whatsoever on the elements Plaintiff must establish in this case. Responding to this request would require Defendant to review and produce thousands of pages of documents that have no bearing on this suit. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Defendant further objects that this

22

request seeks confidential and private personnel records of third parties, thereby invading their privacy rights.

**REQUEST NO. 36:** All documents relating to employees that have died within your warehouse in the past ten years

**RESPONSE:** Defendant objects to this Request as follows: Defendant objects to Request No. 36 in that it does not describe with reasonable particularity the documents requested. Defendant further objects to this request as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. Plaintiff did not die and, thus, information as to any employee death has no bearing whatsoever on the elements Plaintiff must establish in this case, nor does any of the other information sought herein. Further, this request is objectionable in that its temporal limitation covers the period well before and subsequent to Plaintiff's employment and it is overly broad in that it has no geographical limitation. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Defendant further objects that this request seeks confidential and private personnel records of third parties, thereby invading their privacy rights.

**REQUEST NO. 37:** All documents relating to Productivity rates for the past 10 years at Amazon MKE1

**RESPONSE:** Defendant objects to this Request as follows: Defendant objects to Request No. 37 in that it does not describe with reasonable particularity the documents requested. Defendant further objects to this request as overbroad in scope and time, unduly burdensome, and seeks information and documentation that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. As written, this request is objectionable in that its temporal limitation covers the period well before and subsequent to Plaintiff's employment and it is overly broad in that it is not limited to Plaintiff's department. Defendant further objects to this

23

request to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Defendant further objects to this request to the extent it seeks the disclosure of confidential, proprietary, and/or trade secrets.

Dated this 3rd day of November, 2022.

AMAZON.COM SERVICES LLC

By: ___*/s/ Casey M. Kaiser*___
   One of Its Attorneys

Sofija Anderson (SBN 1041498)
Casey M. Kaiser (SBN 1088881)
LITTLER MENDELSON, P.C.
111 East Kilbourn Ave., Suite 1000
Milwaukee, WI 53202
Telephone: 414.291.5536
Facsimile: 414.291.5526
sanderson@littler.com
ckaiser@littler.com

24

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JASMINE OLIVER,

        Plaintiff,

v.                              Case No. 22-CV-0149

AMAZON.COM SERVICES LLC,

        Defendant.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff, JASMINE OLIVER (hereinafter "PLAINTIFF" or "JASMINE"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, requests that DEFENDANT, AMAZON.COM SERVICES (hereinafter "AMAZON" or "DEFENDANT"), answer, in writing and under oath, the following interrogatories within thirty (30) days from the date of service.

### DEFINITIONS

Pursuant to Fed. R. Civ. P. 33, Plaintiff hereby submits the following Interrogatories to Defendant. Plaintiff requests that Defendant serve its answers, in writing and under oath, to the Plaintiff, as pro se, at 8221 West Oklahoma Avenue Apt 3 Milwaukee, WI 53219 and, or prosejasmine804@gmail.com, within 30 days of service of these Interrogatories.

For the purpose of these Interrogatories only, Plaintiff has used the definitions set forth below. As used in these Interrogatories:

1.     "Agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

2.      "Any" means one or more.

3.      "Communication" means any disclosure, transfer, or exchange of information or opinion, however made.

4.      "Amazon" means Amazon.com, each of its predecessors, successors, divisions, subsidiaries, and affiliates, located both in the United States and in any other country, each other person directly or indirectly, wholly or in part, owned or controlled by it, and each joint venture to which any of them is a party, and all present and former directors, officers, employees, agents, consultants, or other persons acting for or on behalf of any of them.

5.      The phrase "describe in detail" as used in these interrogatories includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion and other information relating to (as that phrase is defined below) the subject matter of a specific interrogatory.

6.      "Document" means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

7. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

8. Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

9. "Identify" or "identity" means to state or a statement of:

a. in the case of a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

b. in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

c. in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d. in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

e. in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

10.     "Including" means including, but not limited to.

11.     "Person" means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

12.     "Relating to" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

13.     "Relevant time period" means the time period stated in paragraph 1 of the Instructions.

14.     "Year" means calendar year or the twelve-month period on which your business records are based; if the latter is used in responding to a interrogatory, specify the twelve month period used.

15.     "You," "your", Defendant, Respondent or "your company" means Amazon.com Services.

16.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-

versa, as necessary to bring within the scope of the following interrogatories all information or documents that would be excluded absent this definition.

17. "Amazon MKE 1" means your Amazon Fulfillment Center located at 3501 120th Ave Kenosha, WI.

18. "Fulfillment Center" Your distribution center where your employees are responsible with fulfilling customer orders.

19. "Employee" A person employed for wages or salary

20. "Suspension" The step in a progressive discipline process that removes an employee from the workplace when allegations allegedly necessitate a review and decision about retaining the employee.

21. "Termination" An employee's departure from a job and the end of an employee's duration with an employer.

22. "Notice" " Notification or warning of something, and to become aware of.

23. "Policy/ Policies" A policy entered into wholly or partly for the benefit of the employees of an employer.

24. "Relevant" Closely connected or appropriate to what is being done or considered.

25. "Summary"    A description of main points

26. "Investigation" A thorough search to learn the facts about something complex or unknown

27. "Request" The act of asking for something.

28. "Accommodation" Definition under the ADA, is a modification or adjustment to a job, the work environment or the way things are usually done.

29.    "Employee Handbook" A manual containing important information for employees outlining policy

30.    "Involuntary(involuntarily) Termination" Dismissal from employment due to the actions or decisions of the employer. Termination that has not been initiated by the employee.

31.    "Warranting" Necessitate (A certain course of action)

32.    "Corrective Action" A process of communicating with the employee to improve behavior or performance after methods such as coaching and warnings have not been successful.

33.    "Manager" A person responsible for controlling or administering all or part of a company or similar organization.

34.    "Human Resource Staff" Any employee At Amazon, employed within the Human Resource Department, and or handles employee relations, benefits, and training.

35.    "Interactive Process" The employee with a disability and the employer working together to determine an accommodation.

36.    "Physician" a person qualified to practice medicine.

37.    "Indefinitely Suspended" The placement of an employee in an involuntary, non-pay status for a temporary indeterminate period of time pending investigation, inquiry or further management action.

38.    "Died" someone or something that has stopped living

39.    "Promotion" The ascension of an employee to higher ranks- increase in responsibilities, status and salary.

40.    "Undue Hardship" An action requiring significant difficulty or expense.

41.     "Salesforce" Software for managing life, health, accommodations and or absence claims efficiently and securely.

42.     "Claimvantage" Software for managing life, health, accommodations and or absence claims efficiently and securely.

43.     "Accommodation software" Software for managing life, health, accommodations and or absence claims efficiently and securely.

44.     "Time Stamped" Record the time or date of.

## II. INSTRUCTIONS

45.     Unless otherwise specified, these interrogatories are limited to the time period from the past 10 years to present, including the date of service of these interrogatories.

46.     Unless otherwise specified, the information called for by these interrogatories is limited in scope to information relating to harassment, employee discrimination, accommodations, termination, or disciplinary action, promotions and terms and conditions of employment. For any paragraph that requests information relating any of the disputed facts pertaining to this lawsuit the information called for includes all information in your possession, custody or control maintained in both the United States or in any other country.

47.     Where knowledge, information, or documents are requested, such request encompasses knowledge, information or documents in your possession, custody or control, or in the possession, custody or control of your staff, agents, employees, representatives and, unless

privileged, attorneys, or any other person who has possession, custody or control of your proprietary knowledge, information or documents.

48.     Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to amend any answer to these interrogatories for which you learn that the answer is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

49.     For any interrogatory or part of an interrogatory which you refuse to answer under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the nature of the information withheld; specify the grounds of the claimed privilege and the paragraph of these interrogatories to which the information is responsive; and identify each person to whom the information, or any part thereof, has been disclosed.

50.     Answer each interrogatory fully. If you object to any interrogatory, state the reasons for objection and answer to the extent the interrogatory is not objectionable. If you are unable to answer an interrogatory fully, submit as much information as is available, explain why your answer is incomplete, and identify or describe all other sources of more complete or accurate information.

51. For any record or document responsive or relating to these interrogatories which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Identify all persons with any knowledge or information, or whom you believe have knowledge or information, of any of the defendant defenses, or allegations regarding any events associated with this lawsuit, that you are asserting against the Plaintiff's claims in this action. With respect to each person:

a) Provide the name, address, and telephone number of the person;

b) State the relationship between you and the person

c) Provide a detailed summary of the facts about which the person has knowledge or information;

d) State how such knowledge was obtained by the person; and

e) Identify any documents that form the basis for, relate to, support, refute, or otherwise concern the facts about which the person has knowledge or information.

**INTERROGATORY NO. 2:** Identify all former and current employees, who assigned Kimberly, Davina, and Or Tayveion near the Plaintiff at your fulfillment center located in Kenosha, WI commonly referred to as Amazon MKE1.

With respect to each person:

a) Provide the name, address, and telephone number of the person;

b) State the position of the person who assigned (Kimberly, Davina and or Tayveion) near the Plaintiff

c)      State the date(s) and form (e.g., orally, by email, by social media) of your communications;

d)      Provide a detailed summary of your communications; and

e)      Identify any documents that reflect or relate to such occurrences of Kimberly, Davina, and or Tayveion assigned near the Plaintiff.

f)      Identify if you were aware that the Plaintiff requested to not be assigned near (Kimberly, Davina, and or Tayveion.

g)      Identify if you received any documents from the Plaintiff Physician advising you that you should NOT assign those mentioned in her LAWSUIT to work near her

h)      Identify If after you received the documents of the Plaintiff accommodation request from her physician if you continued to assign the Plaintiff work station near (Kimberly Nash, Davina, and or Tayveion Victorian.

**INTERROGATORY NO. 3**:      For each individual and/or entity identified in your Initial Disclosures provided to the Plaintiff on August 16th, 2022:

a) Specifically state what incident(s) described in the Complaint that the person was a part of and/or personally witnessed;

b) Specify how you know the person(s) were a part of and/or personally witnessed the incident(s);

c) To the extent not included in subpart (a) above, provide a detailed summary of the facts about which each person has knowledge or information;

d) State how such knowledge was obtained by the person; and

e) Identify any documents that form the basis for, relate to, support, refute, or otherwise concern the facts about which the person has knowledge or information.

**INTERROGATORY NO. 4**:        Identify each of the defendant policies relevant to the Plaintiff's claims and your defenses between November 2018 through present.

**INTERROGATORY NO. 5**:        Provide a complete summary of all facts that support your defenses that the Defendant investigated and/or took remedial action after the Plaintiff made multiple complaints of retaliation, request for accommodation, discrimination and sexual harassment based on the Plaintiff's claims regarding, race, sexual orientation, perceived sexual orientation, disability, and/or in retaliation for the Plaintiff protected activity.

In your answer, please:

a) State the date each act of harassment occurred;

b) Identify the name(s) and title(s) of the person(s) who committed each act of harassment;

c) Provide a detailed summary of the action that you took to determine if the person(s) conduct constituted harassment against the Plaintiff based on her sex, sexual orientation, perceived sexual orientation, disability, and/or out of retaliation for her protected activity;

d) Identify the name(s) and title(s) of the person(s) who you investigated that may have been present or may have witnessed each act of harassment; and

e) Identify any documents that reflect or relate to each  investigation of each act of harassment.

f) Identify If the Plaintiff communicated in writing each act of harassment

g) Identify each policy that prohibits harassment

h) Identify each current and former employee at Amazon MKE 1 between 2018 through present that has signed a harassment and or retaliation acknowledgement form.

i) Provide a detailed description of the results of each alleged investigation of the Plaintiff's harassment complaints and or retaliation complaints.

j) Identify each current or former employee who conducted each investigation of the Plaintiff's complaints of harassment and or Retaliation

k) Identify if you communicated the results of your investigation to the Plaintiff.

l) Identify every document that relate to this interrogatory request and your response.

**INTERROGATORY NO. 6**: Identify every method which an employee can request an accommodation in the past ten years such as by phone, or in person;

a) State the date(s) you communicated each method which an employee is able to request an accommodation;

a) Identify the name(s) and title(s) of the person(s) to whom you communicated each method which an employee can request an accommodation;

b) State whether your communication(s) was/were oral or in writing to your current and former employees;

c) Provide a detailed summary of your communications with person(s) concerning your method(s), which an employee may request an accommodation; and

d) Identify any documents that reflect or relate to such communications.

e) Identify any versions of your Employee handbooks that relates to your answer for Interrogatory 6 a) and

f) State the date(s) which you revised your Employee handbooks to reflect your answer in Interrogatory f).

g) Identify your policy that supports the method which an employee can request an accommodation.

**INTERROGATORY NO. 7**: Identify every communication, which you were made aware of the Plaintiff's claims regarding disability, sexual harassment, discrimination and or retaliation at all times relevant to this suit, whether by the Equal Rights Division, the Plaintiff and or her Physician.

a) State the date(s) you were notified of each act of harassment;

b) Identify the name(s) and job title(s) of the person(s) who were aware of each act of harassment;

c) State whether your communication relating to any of the Plaintiff claims(s) was/were oral or in writing;

d) Provide a detailed summary of your communications with person(s) concerning your knowledge relating to any of the Plaintiff claims(s); and

e) Identify any documents that reflect or relate to such communications

f) Identify the actions you took after you were notified of any and all allegations within the complaint that you received on

g) Describe in detail the outcome and resolution to your investigations and

h) Identify if your investigation was properly documented and signed by all relevant individuals.

**INTERROGATORY NO. 8**: Identify the name, employer, address, phone number, and e-mail address for every current or former employee of the Defendant that has received corrective action and or involuntary termination for any reason within the past 10 years at Amazon MKE1.

In your answer state:

a) State the date(s) you were notified of each act warranting corrective action;

b) Identify the name(s) and title(s) of the person(s) to whom you reported each act of harassment;

c) State whether your report(s) was/were oral or in writing;

d) Provide a detailed summary of your communications with person(s) concerning your report(s); and

e) Identify any documents that reflect or relate to such communications.

**INTERROGATORY NO. 9**: Identify every current or former employee(Manager, Human Resource Staff) of the Defendant which has engaged in the interactive process with current or former employees that has requested accommodations in person within the past 10 years.

In your answer, please:

a) State the date(s) on which each accommodation(s) were requested;

b) Identify the name(s) and title(s) of the person(s) to whom you made your request(s);

c) Describe the specific nature of the accommodation(s) requested;

d) Describe how long the interactive process took before determining whether the accommodation was denied or accepted;

e) State whether you received accommodation(s) request(s) either by oral or in writing;

f) State whether you received accommodation(s) request(s) either in person and or by phone

g) Identify the name(s) and title(s) of the person(s) who were present or may have witnessed the method of accommodation request(s) in person or by phone; and

h) Describe your policy that supports accommodation requests by phone.

i) Provide all documents that relate to these interrogatory requests and your responses.

**INTERROGATORY NO. 10**:     Provide a complete summary of all facts and identify every document that supports your defenses regarding each of the Plaintiff's claims regarding race, sex, sexual orientation, perceived sexual orientation, disability, and/or in retaliation for protected activity.

**INTERROGATORY NO. 11**:     Provide a detailed description of each communication you had with the Plaintiff's physician after you were provided with the Plaintiff's physician contact information within a letter for accommodations:

 a)  Identify the name, phone number, job title, location and contact method used to contact the Plaintiff's physician;

 b)  State the specific date, which you contacted the Plaintiff's Physician;

 c)  State the facts that support, relate to, or evidence that you contacted the Plaintiff's physician.

 d)  Describe in detail your conversation with the Plaintiff's physician.

 e)  Describe the action you took after you were aware of the plaintiff's physician recommendations for accommodations

 f)  State whether you provided the accommodations recommended by the Plaintiff's physician.

 g)  Identify all documents that relate to your response and the interrogatory requests.

**INTERROGATORY NO. 12**:     Identify each occurrence which you assigned employees to work closer than 6 feet to meet your rigorous productivity standards during all times relevant to this Lawsuit during the covid pandemic:

**INTERROGATORY NO. 13**: Provide a detailed summary of all efforts by you to preserve all electronically stored information and or evidence relevant to this lawsuit since July 2019 through the present.

**INTERROGATORY NO. 14**: Provide a detailed description of the reason(s) you terminated the Plaintiff's employment on June 18th, 2020:

a) State the dates in which you contacted the Plaintiff to communicate that she had been terminated.

b) Provide a detailed description of the method you attempted to use or used to communicate that the Plaintiff had been terminated.

c) State every reason(s) why you terminated the Plaintiff ;

d) For reasons related to termination and policy state whether your code of conduct policy contains a waiver;

e) Identify all persons, other than you, who have knowledge of facts related to the Plaintiff's termination, and with respect to each person, state with specificity the facts known and how such knowledge was obtained; and

f) Identify any documents that relate in any way to the foregoing answers.

g) In your answer to Interrogatory 14 (b) found above identify all employees who were terminated for similar situated events and;

h) Identify if all employees whom you identified in your prior answers, who were or were not terminated for similar reasons, state whether you issued any warnings.

i) Identify if you communicated that the Plaintiff would not be eligible for future employment with you the defendant.

j) Provide a detailed description of the position you offered the Plaintiff after your stated reasons for termination.

**INTERROGATORY NO. 15**: Provide a detailed description of the reason(s) you indefinitely suspended the Plaintiff without pay on May 23rd, 2020.

a) State the dates on which you communicated that the Plaintiff had been suspended.

b) State every reason(s) why you suspended the Plaintiff ;

c) For reasons related to your decision to suspend the Plaintiff state whether your code of conduct policy contains a waiver;

d) Identify all persons, other than you, who have knowledge of facts related to the Plaintiff's suspension, and with respect to each person, state with specificity the facts known and how such knowledge was obtained; and

e) Identify any documents that relate in any way to the foregoing answers.

f) Identify what factors determined if Marissa should or should not be suspended

g) State a detailed description of the length in which Marissa was suspended.

h) In your answer to Interrogatory 15 (b) found above identify all employees who were or were not suspended for similar situated events and;

i) Identify if all employees whom you identified in your prior answers, who engaged in similar events relating to the Plaintiff's suspension and state whether you issued warnings.

**INTERROGATORY NO. 16**: Identify all claims, charges, lawsuits, grievances, criminal proceedings, and investigations that were commenced against you for claims of employment discrimination and or retaliation ( including but not limited to sexual harassment, failure to

accommodate, disability discrimination, retaliation, sexual orientation harassment and or discrimination, race discrimination and sex discrimination) in the past ten years .

For each claim, charge, lawsuit, grievance, or criminal proceeding, investigation provide the following information:

a) Identify by name, address, and telephone number all parties to the matter;

b) State the agency or court with whom the matter was filed;

c) State the date on which the matter was filed;

d) State the name or number assigned to the matter;

e) Provide a detailed summary of the resolution or disposition of the matter;

f) Identify the attorney(s) who represented you as well as the attorney who represented your employee in the matter; and

g) Identify all documents that relate to the matter.

**INTERROGATORY NO. 17**:    Identify each former employee of the defendant that has died at any of your fulfillment centers within the past 10 years. For each former employee state:

a) Describe in detail if any former employee complained to you concerning any physical conditions, which later resulted in their death.

b) Describe in detail how each employee died within your fulfillment center, (whether by suicide, heart attack and or natural disaster)

c) Describe in detail if any former employee that has died at your fulfillment center requested any accommodations at any time during their employment.

d) Identify the name, address of fulfillment center where the employee died, and position last held at your facility.

e) Identify the name, address, telephone, email, and position of the individual who discovered the employee who died within your facility.

f) Identify any employees with any knowledge of any employees that has died at your facility.

g) Identify any and all documents that relate to the interrogatory and or your answer.

**INTERROGATORY NO. 18**:     Identify each current or former employee of the defendant that has been promoted within your fulfillment centers located in Wisconsin within the past 10 years. For each current or former employee state:

a) Provide a detailed description of the length of employment with you prior to promotion

b) Provide all relevant experience that supports that the employee was qualified for the position

c) Provide a detailed description of the Position which the employee was promoted to.

d) Identify each active application for a promotion in the last ten years.

e) Provide a detailed description of the employees promoted within the past ten years resume and or relevant experience.

f) Identify the race of each individual who received a promotion in the past ten years

g) Identify all documents that supports your answer

**INTERROGATORY NO. 19**:     Identify each undue hardship associated with your business operations and the plaintiff's requested accommodations.

a) State whether you have provided any of the accommodations that were requested by the Plaintiff to any other employee employed at Amazon, despite your business operations.

b) Identify all human resource reps and or managers responsible for providing accommodations similar to the plaintiff's accommodations to other employees employed with you the defendant.

c) Describe in detail the hardship that you claim you would experience if you had provided the Plaintiffs requested accommodations.

d) Identify each document which supports any hardship to your business operations.

e) Identify the name, position, address, telephone and email of any employee who may have been provided with same accommodations that were requested by the plaintiff despite any hardships.

f) State any policy to support any claims of hardship.

g) State whether you have a policy that provides a hardship accommodation

**INTERROGATORY NO. 20**: Identify all software such as , Salesforce and or Claim Vantage utilized to document and maintain the accommodation records and requests of your current and former employees in the past ten years.

In your response state:

a) Identify the name of the company that you have utilized to document your accommodation process

b) State a detailed description of how each accommodation and or leave of absence is documented

c) Identify every employee, which has utilized your accommodation software at Amazon MKE1 in the past 10 Years

d) State a detailed description of the training you provided to each Manager and or HR personnel to utilize your accommodation software

e) State whether you documented the Plaintiff accommodation request and your alleged interactive process with the Plaintiff utilizing your accommodation software.

f) Identify if your accommodation process can be conducted only by phone

g) Identify if your accommodation process can be conducted in person

h) Identify if your accommodation process is time stamped.

i) Identify each policy that supports your accommodation process

j) Identify the individual position and title of the employee who is referenced in your policy to assist with accommodation request

**INTERROGATORY NO. 21**: Identify each and every individual who has provided a response and assisted with the preparation of providing a response to each interrogatory contained herein.

Dated this 4th day of October, 2022.

PLAINTIFF, JASMINE OLIVER, PRO SE

By:     /s/ Jasmine S. Oliver

Pro Se

8221 W. Oklahoma Ave Apt 3
Milwaukee, WI 53219
Telephone: 414.291.5536
Prosejasmine804@gmail.com

## CERTIFICATE OF SERVICE

1. Case Name: Jasmine Oliver vs. Amazon.com services

2. Case Number: 22-cv-0149

3. What documents were served? Plaintiff's First Set of Discovery Request

4. How was the document served? Email and Mail

I hereby certify that, on the same date set forth above, I served via email and mail this same day on the following:

10/04/2022

5. Sent to:

ATTN: Amazon.com Services -Respondent

Casey Kaiser & Sofija Anderson

Littler Mendelson P.C.

111 E Kilbourn Ave Unit 1000 Milwaukee, WI 53202

6. When were the documents sent? 10/04/2022

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signed,

*Jasmine Oliver*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JASMINE OLIVER,

     Plaintiff,

v.                              Case No. 22-CV-0149

AMAZON.COM SERVICES LLC,

     Defendant.

## DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Defendant, AMAZON.COM SERVICES LLC (hereinafter "Defendant" or "Amazon"), by its attorneys, Littler Mendelson, P.C., hereby answers and objects to Plaintiff's First Set of Interrogatories to Defendant as follows:

**INTERROGATORY NO. 1:**     Identify all persons with any knowledge or information, or whom you believe have knowledge or information, of any of the defendant defenses, or allegations regarding any events associated with this lawsuit, that you are asserting against the Plaintiff's claims in this action. With respect to each person:

    a)    Provide the name, address, and telephone number of the person;
    b)    State the relationship between you and the person
    c)    Provide a detailed summary of the facts about which the person has knowledge or information;
    d)    State how such knowledge was obtained by the person; and
    e)    Identify any documents that form the basis for, relate to, support, refute, or otherwise concern the facts about which the person has knowledge or information.

**ANSWER:** Defendant refers Plaintiff to Defendant's Initial Disclosures stating the subject matters about which each person is believed to be knowledgeable.

Notwithstanding the response above, Defendant objects to this Interrogatory as follows:

Defendant objects to Interrogatory No. 1 on the ground that it is unduly burdensome in that it seeks

to impose a burden on Defendant that is not proportional to the needs of the case. While Defendant posed this Interrogatory to Plaintiff, she has only to consult her own records and memory to respond. As crafted, however, Defendant would have to undertake to interview hundreds of current and former employees to see if any of them may have the requisite knowledge or information, then review their files to determine their names, addresses, and telephone numbers, request documents from them so that they could be identified, and otherwise gather the remaining information sought by the Interrogatory. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work product doctrine.

**INTERROGATORY NO. 2:** Identify all former and current employees, who assigned Kimberly, Davina, and Or Tayveion near the Plaintiff at your fulfillment center located in Kenosha, WI commonly referred to as Amazon MKE1. With respect to each person:

a) Provide the name, address, and telephone number of the person;
b) State the position of the person who assigned (Kimberly, Davina and or Tayveion) near the Plaintiff
c) State the date(s) and form (e.g., orally, by email, by social media) of your communications;
d) Provide a detailed summary of your communications; and
e) Identify any documents that reflect or relate to such occurrences of Kimberly, Davina,and or Tayveion assigned near the Plaintiff.
f) Identify if you were aware that the Plaintiff requested to not be assigned near (Kimberly, Davina, and or Tayveion.
g) Identify if you received any documents from the Plaintiff Physician advising you thatyou should NOT assign those mentioned in her LAWSUIT to work near her
h) Identify If after you received the documents of the Plaintiff accommodation requestfrom her physician if you continued to assign the Plaintiff work station near (Kimberly Nash, Davina, and or Tayveion Victorian.

**ANSWER:** In the pack department where Plaintiff worked, assignments are chosen at random, and supervisors are not aware who is paired up with who on a given day. Responding further, Defendant refers Plaintiff to her medical file, including documents related to Defendant's efforts to engage in the interactive process with Plaintiff.

Notwithstanding the response above, Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 2 in that it is vague as to the terms "assigned," "such

2

occurrences," and "advising." Defendant further objects to Interrogatory No. 2 in that it is overbroad in scope and time, unduly burdensome, and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, this interrogatory seeks information covering the entirety of Plaintiff's employment and is not limited to the relevant period. Moreover, to "[i]dentify any documents that "reflect or relate to such occurrences of Kimberly, Davina, and or Tayveion assigned near the Plaintiff" would require Defendant to ask witnesses to recall on a day by day basis when this may have occurred and then conduct an overly burdensome search of documents related to witness' recollection related to same to locate any documents sought by Plaintiff. Further, this interrogatory asks Defendant to "[i]identify all former and current employees, who assigned Kimberly, Davina, and or Tayveion near the Plaintiff," and for each individual, Plaintiff seeks multiple subparts of information. Defendant also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. Defendant further objects that this interrogatory seeks confidential and private personal information, including addresses and telephone numbers, thereby invading the individual privacy rights of third parties. Moreover, Defendant objects to this interrogatory to the extent it seeks a narrative response more properly suited for other forms of discovery. Defendant further objects that this interrogatory is unduly burdensome and harassing in that it consists of multiple subparts, and as such, exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 3:** For each individual and/or entity identified in your Initial Disclosures provided to the Plaintiff on August 16th, 2022:

a) Specifically state what incident(s) described in the Complaint that the person was a part of and/or personally witnessed;

b) Specify how you know the person(s) were a part of and/or personally witnessed the incident(s);

c) To the extent not included in subpart (a) above, provide a detailed summary of the facts about which each person has knowledge or information;

3

d) State how such knowledge was obtained by the person; and

e) Identify any documents that form the basis for, relate to, support, refute, or otherwise concern the facts about which the person has knowledge or information.

**ANSWER:** Defendant refers Plaintiff to Defendant's Initial Disclosures stating the subject matters about which each person is believed to be knowledgeable. Defendant also refers Plaintiff to its document production.

Notwithstanding the response above, Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 3 on the ground that it is unduly burdensome in that it seeks to impose a burden on Defendant that is not proportional to the needs of the case. In particular, this interrogatory asks Defendant to specify which parts of Plaintiff's 69-page Complaint each person listed in Defendant's Initial Disclosures has particular knowledge, and for each piece of knowledge, Defendant is asked to provide a detailed summary of the knowledge, explain how the knowledge was obtained, and identify documents relating to that knowledge. Defendant also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine.

**INTERROGATORY NO. 4:** Identify each of the defendant policies relevant to the Plaintiff's claims and your defenses between November 2018 through present.

**ANSWER:** Defendant refers Plaintiff to the Owner's Manual and Guide to Employment in effect during the relevant time period, which includes Defendant's Standards of Conduct and Equal Employment Opportunity and Employees with Disabilities policies.

Notwithstanding the response above, Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 4 in that the term "relevant" is vague and ambiguous as defined. Defendant further objects to Interrogatory No. 4 in that it is overbroad in scope and time, and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case, to the extent it seeks information about policies in place after

4

the termination of Plaintiff's employment and seeks the information sought by the term "identify," as defined.

**INTERROGATORY NO. 5:** Provide a complete summary of all facts that support your defenses that the Defendant investigated and/or took remedial action after the Plaintiff made multiple complaints of retaliation, request for accommodation, discrimination and sexual harassment based on the Plaintiff's claims regarding, race, sexual orientation, perceived sexual orientation, disability, and/or in retaliation for the Plaintiff protected activity. In your answer, please:

a) State the date each act of harassment occurred;
b) Identify the name(s) and title(s) of the person(s) who committed each act of harassment;
c) Provide a detailed summary of the action that you took to determine if the person(s) conduct constituted harassment against the Plaintiff based on her sex, sexual orientation, perceived sexual orientation, disability, and/or out of retaliation for her protected activity;
d) Identify the name(s) and title(s) of the person(s) who you investigated that may have beenpresent or may have witnessed each act of harassment; and
e) Identify any documents that reflect or relate to each investigation of each act of harassment.
f) Identify If the Plaintiff communicated in writing each act of harassment
g) Identify each policy that prohibits harassment
h) Identify each current and former employee at Amazon MKE 1 between 2018 throughpresent that has signed a harassment and or retaliation acknowledgement form.
i) Provide a detailed description of the results of each alleged investigation of the Plaintiff's harassment complaints and or retaliation complaints.
j) Identify each current or former employee who conducted each investigation of the Plaintiff's complaints of harassment and or Retaliation
k) Identify if you communicated the results of your investigation to the Plaintiff.
l) Identify every document that relate to this interrogatory request and your response.

**ANSWER:** Defendant refers Plaintiff to the Owner's Manual and Guide to Employment in effect during the relevant time period. Responding further, Defendant refers Plaintiff to her medical file, including documents related to Defendant's efforts to engage in the interactive process with Plaintiff.

Notwithstanding the response above, Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 5 in that it is vague as to the terms "complete summary,"

5

"support," "committed," "determine," "conducted," "results," and "relate." Defendant objects to Interrogatory No. 5 in that it assumes facts that are disputed; to wit, that Plaintiff was harassed and/or there were incidents of harassment. Defendant objects to this interrogatory as it is overbroad in scope and time, unduly burdensome, and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, this interrogatory asks Defendant to "[i]dentify each current and former employee at Amazon MKE 1 between 2018 through present that has signed a harassment and or retaliation acknowledgment form." To respond to this subpart of the interrogatory alone, Defendant would have to review the personnel records of thousands of employees, even though whether any one of these thousands of employees signed a harassment or retaliation acknowledgement form has no bearing on the claims in this suit. Defendant objects to this interrogatory to the extent it asks whether Plaintiff submitted any complaint in writing as such information is equally accessible to Plaintiff. Defendant also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. Defendant further objects that this interrogatory seeks confidential and private personal information, including addresses and telephone numbers, thereby invading the individual privacy rights of third parties. Moreover, Defendant objects to this interrogatory to the extent it seeks a narrative response more properly suited for other forms of discovery. Defendant further objects that this interrogatory is unduly burdensome and harassing in that it consists of multiple subparts, and as such, exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 6:** Identify every method which an employee can request an accommodation in the past ten years such as by phone, or in person;

a) State the date(s) you communicated each method which an employee is able to request an accommodation;

a) Identify the name(s) and title(s) of the person(s) to whom you communicated each method which an employee can request an accommodation;

6

b)      State whether your communication(s) was/were oral or in writing to your current and former employees;

c)      Provide a detailed summary of your communications with person(s) concerning your method(s), which an employee may request an accommodation; and

d)      Identify any documents that reflect or relate to such communications.

e)      Identify any versions of your Employee handbooks that relates to your answer for Interrogatory 6 a) and

f)      State the date(s) which you revised your Employee handbooks to reflect your answer in Interrogatory f).

g)      Identify your policy that supports the method which an employee can request an accommodation.

**ANSWER:** Defendant refers Plaintiff to the Owner's Manual and Guide to Employment in effect during the relevant time period, which includes Defendant's Employees with Disabilities policy. All accommodations at the MKE1 facility where Plaintiff worked are handled by a centralized Accommodations team to ensure fairness, safety, and that medical information is properly handled. If associates tell Human Resources or their Manager that they need an accommodation, they are instructed as to how they can contact the Accommodations team to begin the interactive process. Filing for a workers' compensation claim does not automatically trigger the interactive process for accommodations as many associates are able to perform the functions of their job without accommodations, irrespective of their workers' compensation claim. Associates are able to open an accommodation claim themselves online, on an app, by a phone call, or asking Human Resources to do so for them.

Notwithstanding the response above, Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 6 in that it is vague as to the terms "method," "communicated," "able," "reflect," "relate," and "supports." Defendant objects to Interrogatory No. 5 in that it is overbroad in scope and time, unduly burdensome, and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, this interrogatory asks Defendant to provide details related to "every method which

7

an employee can request an accommodation in the past ten years," including details related to Defendant's efforts to communicate this information, without geographic limitation. Defendant also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. Defendant further objects that this interrogatory seeks confidential and private personal information, thereby invading the individual privacy rights of third parties. Moreover, Defendant objects to this interrogatory to the extent it seeks a narrative response more properly suited for other forms of discovery. Defendant further objects that this interrogatory is unduly burdensome and harassing in that it consists of multiple subparts, and as such, exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 7:** Identify every communication, which you were made aware of the Plaintiff's claims regarding disability, sexual harassment, discrimination and or retaliation at all times relevant to this suit, whether by the Equal Rights Division, the Plaintiff and or her Physician.

a) State the date(s) you were notified of each act of harassment;
b) Identify the name(s) and job title(s) of the person(s) who were aware of each act of harassment;
c) State whether your communication relating to any of the Plaintiff claims(s) was/were oral or in writing;
d) Provide a detailed summary of your communications with person(s) concerning your knowledge relating to any of the Plaintiff claims(s); and
e) Identify any documents that reflect or relate to such communications
f) Identify the actions you took after you were notified of any and all allegations within the complaint that you received on
g) Describe in detail the outcome and resolution to your investigations and
h) Identify if your investigation was properly documented and signed by all relevant individuals.

**ANSWER:** Defendant refers Plaintiff to her medical file, including documents related to Defendant's efforts to engage in the interactive process with Plaintiff and documents related to Plaintiff's administrative charges against Defendant.

Notwithstanding the response above, Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 7 in that it is vague as to the terms "made aware",

8

"notified," "properly documented", and "all relevant individuals." Defendant objects to Interrogatory No. 7 in that it assumes facts that are disputed; to wit, that Plaintiff was harassed and/or there were incidents of harassment. Defendant objects to this interrogatory as it is overbroad in scope and time, unduly burdensome, and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, this interrogatory asks Defendant to provide details related to "every communication, which [Defendant] w[as] made aware of the Plaintiff's claims." Defendant objects to this interrogatory to the extent it asks whether Plaintiff submitted any complaint in writing as such information is equally accessible to Plaintiff. Defendant also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. Moreover, Defendant objects to this interrogatory to the extent it seeks a narrative response more properly suited for other forms of discovery. Defendant further objects that this interrogatory is unduly burdensome and harassing in that it consists of multiple subparts, and as such, exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 8:** Identify the name, employer, address, phone number, and e-mail address for every current or former employee of the Defendant that has received corrective action and or involuntary termination for any reason within the past 10 years at Amazon MKE1. In your answer state:

   a) State the date(s) you were notified of each act warranting corrective action;
   b) Identify the name(s) and title(s) of the person(s) to whom you reported each act of harassment;
   c) State whether your report(s) was/were oral or in writing;
   d) Provide a detailed summary of your communications with person(s) concerning your report(s); and
   e) Identify any documents that reflect or relate to such communications.

**ANSWER:** Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 8 in that it is vague as to the terms "received," "reported," and "report." Defendant further objects to Interrogatory No. 8 in that it is overbroad in scope and time, unduly

9

burdensome, and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. As written, this interrogatory is objectionable in that its temporal limitation covers extensive periods before and since Plaintiff's employment, in that it has no geographical limitation, particularly given the fact that Defendant employs thousands of employees at any given time throughout its many facilities, and in that it would require Defendant to undertake a review of thousands of personnel files. Defendant objects to this Interrogatory on the grounds that it seeks improper comparator evidence because the fact that other employees, most of whom are not similarly situated to Plaintiff, may have been given corrective action or been involuntarily terminated has no bearing whatsoever on the elements Plaintiff must establish in this case. Defendant objects to this interrogatory as it seeks private, confidential information with respect to third-parties, specifically in that it seeks their corrective action and termination information. Defendant also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. Moreover, Defendant objects to this interrogatory to the extent it seeks a narrative response more properly suited for other forms of discovery. Defendant further objects that this interrogatory is unduly burdensome and harassing in that it consists of multiple subparts, and as such, exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 9:** Identify every current or former employee (Manager, Human Resource Staff) of the Defendant which has engaged in the interactive process with current or former employees that has requested accommodations in person within the past 10 years. In your answer, please:

    a)    State the date(s) on which each accommodation(s) were requested;
    b)    Identify the name(s) and title(s) of the person(s) to whom you made your request(s);
    c)    Describe the specific nature of the accommodation(s) requested;
    d)    Describe how long the interactive process took before determining whether the accommodation was denied or accepted;
    e)    State whether you received accommodation(s) request(s) either by oral or in writing;

10

f) State whether you received accommodation(s) request(s) either in person and or by phone

g) Identify the name(s) and title(s) of the person(s) who were present or may have witnessed the method of accommodation request(s) in person or by phone; and

h) Describe your policy that supports accommodation requests by phone.

i) Provide all documents that relate to these interrogatory requests and your responses.

**ANSWER:** Defendant refers Plaintiff to its response to Interrogatory No. 6.

Notwithstanding the response above, Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 9 in that it is vague as to the terms "how long" and "relate." Defendant further objects to Interrogatory No. 9 in that it is overbroad in scope and time, unduly burdensome, and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. As written, this interrogatory is objectionable in that its temporal limitation covers extensive periods before and since Plaintiff's employment, in that it has no geographical limitation, particularly given the fact that Defendant employs thousands of employees at any given time throughout its many facilities, and in that it would require Defendant to undertake a review of thousands of personnel files. Defendant further objects to this Interrogatory on the grounds that it seeks improper comparator evidence because the fact that other employees, most of whom are not similarly situated to Plaintiff, may have sought accommodation has no bearing whatsoever on the elements Plaintiff must establish in this case. Defendant also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. Defendant further objects that this interrogatory seeks confidential and private personal information, including details related to requests for accommodation, thereby invading the individual privacy rights of third parties. Moreover, Defendant objects to this interrogatory to the extent it seeks a narrative response more properly suited for other forms of discovery. Defendant further objects that this interrogatory is unduly

11

burdensome and harassing in that it consists of multiple subparts, and as such, exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 10:** Provide a complete summary of all facts and identify every document that supports your defenses regarding each of the Plaintiff's claims regarding race, sex, sexual orientation, perceived sexual orientation, disability, and/or in retaliation for protected activity.

**ANSWER:** Defendant terminated Plaintiff's employment for inappropriate conduct toward another associate. In May 2020, Plaintiff acted disrespectfully toward another associate when she was asked by the other associate to social distance in accordance with the CDC recommendations. Less than a week later, Plaintiff threatened the associate, shouting at her and repeatedly cursing at her, saying "fight me bitch, I have gone to jail for beating bitches' ass before" and similar profanity. Accordingly, Defendant terminated Plaintiff's employment for her conduct in violation of Amazon's Standards of Conduct. Further, Defendant did not deny Plaintiff any requested accommodations. Finally, there is no evidence to support Plaintiff's claims that she was harassed by a coworker or that Defendant harassed, discriminated, or retaliated against her based on her race, sex, sexual orientation, perceived sexual orientation, disability, or any claimed protected activity. Responding further, Defendant refers Plaintiff to the documents produced herewith.

Notwithstanding the response above, Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 10 to the extent it seeks information protected by the attorney-client privilege and work product doctrine, particularly insofar as it calls for counsel's mental impressions and seeks to elicit Defendant's legal strategies. Defendant also objects to this interrogatory to the extent it is improperly intended to limit or restrict Defendant's presentation of evidence in this matter by seeking to alter, amend, or expand the requirements set forth in the

12

Federal Rules of Civil Procedure. Defendant objects to this interrogatory to the extent it seeks a narrative response more properly suited for other forms of discovery.

**INTERROGATORY NO. 11:** Provide a detailed description of each communication you had with the Plaintiff's physician after you were provided with the Plaintiff's physician contact information within a letter for accommodations:

  a) Identify the name, phone number, job title, location and contact method used to contact the Plaintiff's physician;
  b) State the specific date, which you contacted the Plaintiff's Physician;
  c) State the facts that support, relate to, or evidence that you contacted the Plaintiff's physician.
  d) Describe in detail your conversation with the Plaintiff's physician.
  e) Describe the action you took after you were aware of the plaintiff's physician recommendations for accommodations
  f) State whether you provided the accommodations recommended by the Plaintiff's physician.
  g) Identify all documents that relate to your response and the interrogatory requests.

**ANSWER:** Defendant refers Plaintiff to her medical file, including documents related to Defendant's efforts to engage in the interactive process with Plaintiff.

Notwithstanding the response above, Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 11 in that it is vague as to the terms "provided," "contacted," "conversation," and "recommended." Defendant objects to Interrogatory No. 10 in that it is unduly burdensome and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses. In particular, this interrogatory asks Defendant to provide details related to "each communication you had with Plaintiff's physician," including, but not limited to, the "contact method used to contact the Plaintiff's physician," and a detailed description of any "conversation with Plaintiff's physician." Defendant also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. Moreover, Defendant objects to this interrogatory to the extent it seeks a narrative response more properly suited for other forms of discovery. Defendant further objects that this interrogatory is

13

unduly burdensome and harassing in that it consists of multiple subparts, and as such, exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 12:** Identify each occurrence which you assigned employees to work closer than 6 feet to meet your rigorous productivity standards during all times relevant to this Lawsuit during the covid pandemic:

**ANSWER:** Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 12 in that it is vague as to the terms "occurrence," "assigned," "rigorous," and "productivity standards." Defendant further objects to Interrogatory No. 12 in that it is overbroad in scope and time, unduly burdensome, and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, this interrogatory asks Defendant to "[i]dentify each occurrence which you assigned employees to work closer than 6 feet to meet your rigorous productivity standards." Amazon's application of the 'six foot rule' has no bearing whatsoever on the elements Plaintiff must establish in this case. Further, this interrogatory is not limited to Plaintiff's worksite or her specific area, nor to the time of her employment. Defendant also objects to this interrogatory as argumentative in that it refers to Defendant's "productivity standards" as "rigorous."

**INTERROGATORY NO. 13:** Provide a detailed summary of all efforts by you to preserve all electronically stored information and or evidence relevant to this lawsuit since July 2019 through the present.

**ANSWER:** Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 13 in that it is vague as to the term "efforts." Defendant objects to Interrogatory No. 13 to the extent it seeks information protected by the attorney-client privilege and work product doctrine, particularly insofar as it calls for counsel's mental impressions and seeks to elicit Defendant's legal strategies. Defendant further objects to this interrogatory in that it is overbroad in scope and time, unduly burdensome, and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, this

14

interrogatory seeks discovery about discovery or meta-discovery, as opposed to information that is, or is reasonably calculated to lead to the discovery of, relevant evidence concerning the parties' claims or defenses. *See, e.g., Hanan v. Corso,* 1998 U.S. Dist. LEXIS 11877 (D.D.C. 1998) (denying discovery on discovery and noting that there is "no authority for proposition that the Federal Rules of Civil Procedure contemplate that discovery is itself a fit subject for discovery"); *Advanta Int'l Corp. v. Mintel Learning Technology,* 2006 WL 3371576 (N.D. Cal.) (denying IT-focused 30(b)(6) depositions "seeking 'discovery about discovery,'" as deponents would not have "knowledge relevant to the claims and defenses in this action"). This discovery is therefore beyond the scope of permissible discovery as defined by F.R.C.P. 26. *See, e.g., Hubbard v. Potter,* 247 F.R.D. 27, 29 (D.D.C. 2008) (rejecting plaintiff's request for additional 30(b)(6) discovery aimed squarely at 'discovery about discovery' as based on pure speculation and therefore insufficiently founded; *Watkins v. HireRight, Inc.,* 12-cv-1432-MMA (BLM), Dkt. No. 39 (S.D. Cal. Nov. 18, 2013) (denying 30(b)(6) testimony on meta-discovery, and granting protective order re same); *In re Honeywell Int'l., Inc. Sec. Litig.,* 230 F.R.D. 293, 302 (S.D.N.Y. 2003) (denying motion to compel seeking information concerning document retention, preservation, search and collection procedures). Discovery is self-executing, and a party is not entitled to discovery for the sole purpose of verifying the other side's compliance therewith. *Cf.* Fed. R. Civ. P. 26(f) (meet and confer about discovery); 26(g)(1)(B) (counsel's certification of discovery requests and responses); 34(b)(2)(A) (parties directed to respond to discovery requests); 34(b)(2)(E)(i) (specifying form of production absent agreement). The Federal Rules do not grant parties the right to take formal discovery to test the sufficiency of each other's document retention, preservation or production efforts, absent evidence of misconduct, which evidence is absent here. *See, e.g., Orillaneda v. French*

*Culinary Institute*, 2011 U.S. Dist. LEXIS 105793 (S.D.N.Y. 2011) (holding that Defendants did not have to respond to meta-discovery requests "without [Plaintiffs] first identifying facts suggesting that the production is deficient", and requiring that Plaintiffs provide "specific statements" to prove deficiency instead of relying on "generalities"); *Koninklijke Philips N.V. v. Hunt Control Systems, Inc.*, 2014 WL 1494517 (D.N.J. 2014) (granting protective order against 30(b)(6) deposition of an IT witness where party "failed to make the requisite showing that [the challenged production was] materially deficient," noting that the party's "alleged dissatisfaction with the results of [the] production" was at best "speculative and suggestive"). Absent a colorable basis for these discovery requests, which basis Plaintiff neither has provided nor has, these requests amount to an impermissible fishing expedition. *See, e.g., Steuben Foods, Inc. v. Country Gourmet Foods, LLC*, 2011 U.S. Dist. LEXIS 43145 (W.D.N.Y. 2011) ; *Larsen v. Coldwell Banker Real Estate Corp.*, 2012 WL 359466 (C.D. Cal. 2012) (rejecting Plaintiffs' motion to compel responses to "questions propounded by Plaintiffs concerning [Defendants'] ESI preservation, collection and processing" because the "isolated examples cited" of alleged inadequacies in production "fail[ed] to demonstrate that Defendants have not reasonably and in good faith produced the documents required").

**INTERROGATORY NO. 14:** Provide a detailed description of the reason(s) you terminated the Plaintiff's employment on June 18th, 2020:

a) State the dates in which you contacted the Plaintiff to communicate that she had been terminated.

b) Provide a detailed description of the method you attempted to use or used to communicate that the Plaintiff had been terminated.

c) State every reason(s) why you terminated the Plaintiff ;

d) For reasons related to termination and policy state whether your code of conduct policy contains a waiver;

e) Identify all persons, other than you, who have knowledge of facts related to the Plaintiff's termination, and with respect to each person, state with specificity the facts known and how such knowledge was obtained; and

f)   Identify any documents that relate in any way to the foregoing answers.
g)   In your answer to Interrogatory 14 (b) found above identify all employees who were terminated for similar situated events and;
h)   Identify if all employees whom you identified in your prior answers, who were or were not terminated for similar reasons, state whether you issued any warnings.
i)   Identify if you communicated that the Plaintiff would not be eligible for future employment with you the defendant.
j)   Provide a detailed description of the position you offered the Plaintiff after your stated reasons for termination.

**ANSWER:** Defendant terminated Plaintiff's employment for inappropriate conduct toward another associate. In May 2020, Plaintiff acted disrespectfully toward another associate when she was asked by the other associate to social distance in accordance with the CDC recommendations. Less than a week later, Plaintiff threatened the associate, shouting at her and repeatedly cursing at her, saying "fight me bitch, I have gone to jail for beating bitches' ass before" and similar profanity. Accordingly, Defendant terminated Plaintiff's employment effective June 19, 2020, for her conduct in violation of Amazon's Standards of Conduct. Amazon Human Resources notified Plaintiff of her termination by letter, following a suspension that had begun on May 23, 2020, pending an investigation into the behavior for which Plaintiff was ultimately terminated. Associates are not able to waive their obligations under Defendant's Owner's Manual and Guide to Employment. Plaintiff was not offered a position following the termination of her employment. Defendant refers Plaintiff to Defendant's Initial Disclosures which state the subject matters each person is believed to be knowledgeable. Moreover, Defendant refers Plaintiff to the documents produced herewith, including documents related to the termination of Plaintiff's employment and Defendant's Owner's Manual and Guide to Employment.

Notwithstanding the response above, Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 14 in that it is vague as to the terms "contacted," "communicated," "waiver," "similar situated events," "similar reasons," and "offered." Defendant

17

further objects to Interrogatory No. 14 in that it is overbroad in scope and time, unduly burdensome, and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, this interrogatory asks Defendant to "identify all employees who were terminated for similar [sic] situated events" and to "state whether you issued any warnings" to the employees identified. As written, subparts (g) and (h) are objectionable in that there is neither a temporal nor geographic limitation to them, particularly given the fact that Defendant employs thousands of employees at any given time throughout its many facilities, and in that it would require Defendant to undertake a review of thousands of personnel files and to interview hundreds of supervisors as the interrogatory also seeks information for persons not terminated and, thus, there may be no written record with respect thereto. Defendant objects to this Interrogatory on the grounds that it seeks improper comparator evidence because the fact that other employees, most of whom are not similarly situated to Plaintiff, may or may not have been terminated has no bearing whatsoever on the elements Plaintiff must establish in this case. Defendant objects to this interrogatory as it seeks private, confidential information with respect to third-parties, specifically in that it seeks their termination information. Defendant also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. Moreover, Defendant objects to this interrogatory to the extent it seeks a narrative response more properly suited for other forms of discovery. Defendant further objects that this interrogatory is unduly burdensome and harassing in that it consists of multiple subparts, and as such, exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 15:** Provide a detailed description of the reason(s) you indefinitely suspended the Plaintiff without pay on May 23rd, 2020.

    a)     State the dates on which you communicated that the Plaintiff had been suspended.
    b)     State every reason(s) why you suspended the Plaintiff ;

| c) | For reasons related to your decision to suspend the Plaintiff state whether your code of conduct policy contains a waiver; |
|----|------------------------------------------------------------------------------------------------------------------------------|
| d) | Identify all persons, other than you, who have knowledge of facts related to the Plaintiff's suspension, and with respect to each person, state with specificity the facts known and how such knowledge was obtained; and |
| e) | Identify any documents that relate in any way to the foregoing answers. |
| f) | Identify what factors determined if Marissa should or should not be suspended |
| g) | State a detailed description of the length in which Marissa was suspended. |
| h) | In your answer to Interrogatory 15 (b) found above identify all employees who were or were not suspended for similar situated events and; |
| i) | Identify if all employees whom you identified in your prior answers, who engaged in similar events relating to the Plaintiff's suspension and state whether you issued warnings. |

**ANSWER:** In May 2020, Plaintiff acted disrespectfully toward another associate when she was asked by the other associate to social distance in accordance with the CDC recommendations. Less than a week later, Plaintiff threatened the associate, shouting at her and repeatedly cursing at her, saying "fight me bitch, I have gone to jail for beating bitches' ass before" and similar profanity. This confrontation was reported on May 23, 2020 and Plaintiff was suspended that same day, pending an investigation. Associates are not able to waive their obligations under Defendant's Owner's Manual and Guide to Employment. Defendant refers Plaintiff to Defendant's Initial Disclosures which state the subject matters each person is believed to be knowledgeable. Moreover, Defendant refers Plaintiff to the documents produced herewith, including documents related to the termination of Plaintiff's employment and Defendant's Owner's Manual and Guide to Employment.

Notwithstanding the response above, Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 15 in that it is vague as to the terms "indefinitely," "communicated," "waiver," "length," "similar situated events," and "similar events." Defendant further objects to Interrogatory No. 15 in that it is overbroad in scope and time, unduly burdensome, and seeks information that is not relevant to Plaintiff's claims or Defendant's

19

defenses, or proportional to the needs of the case. In particular, this interrogatory asks Defendant to provide details related to another associate's employment, "identify all employees who were or were not suspended for similar [sic] situated events," and to "state whether [Defendant] issued warnings" to the employees identified. As written, subparts (h) and (i) are objectionable in that there is neither a temporal nor geographic limitation to them, particularly given the fact that Defendant employs thousands of employees at any given time throughout its many facilities, and in that it would require Defendant to undertake a review of thousands of personnel files and to interview hundreds of supervisors as the interrogatory also seeks information for persons not suspended and, thus, there would be no written record with respect thereto. Defendant objects to this Interrogatory on the grounds that it seeks improper comparator evidence because the fact that other employees, most of whom are not similarly situated to Plaintiff, may or may not have been suspended has no bearing whatsoever on the elements Plaintiff must establish in this case. Defendant objects to this interrogatory as it seeks private, confidential information with respect to third-parties, specifically in that it seeks their termination information. Defendant objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. Defendant also objects to this interrogatory to the extent it is argumentative in that it assumes facts not in evidence related to the terms of the suspension of Plaintiff's employment. Moreover, Defendant objects to this interrogatory to the extent it seeks a narrative response more properly suited for other forms of discovery. Defendant further objects that this interrogatory is unduly burdensome and harassing in that it consists of multiple subparts, and as such, exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 16:** Identify all claims, charges, lawsuits, grievances, criminal proceedings, and investigations that were commenced against you for claims of employment discrimination and or retaliation (including but not limited to sexual harassment,

20

failure to accommodate, disability discrimination, retaliation, sexual orientation harassment and or discrimination, race discrimination and sex discrimination) in the past ten years.

For each claim, charge, lawsuit, grievance, or criminal proceeding, investigation provide the following information:

a)  Identify by name, address, and telephone number all parties to the matter;
b)  State the agency or court with whom the matter was filed;
c)  State the date on which the matter was filed;
d)  State the name or number assigned to the matter;
e)  Provide a detailed summary of the resolution or disposition of the matter;
f)  Identify the attorney(s) who represented you as well as the attorney who represented your employee in the matter; and
g)  Identify all documents that relate to the matter.

**ANSWER:** Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 16 in that it is overbroad in scope and time, unduly burdensome, and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, this interrogatory seeks details related to other "claims, charges, lawsuits, grievances, criminal proceedings, and investigations that were commenced against [Defendant] for claims of employment discrimination and or retaliation…in the past ten years." As written, this interrogatory encompasses civil and criminal complaints, as well as investigations, made by any person – whether an Amazon employee, customer, vendor, or third party - against Amazon or its employees without consideration to the temporal and geographical scope relevant to this matter. Defendant further objects to this interrogatory on the grounds that it seeks improper comparator evidence because the fact that any person, most of whom are not similarly situated to Plaintiff, may have accused Defendant of "employment discrimination and or retaliation (including but not limited to sexual harassment, failure to accommodate, disability discrimination, retaliation, sexual orientation harassment and or discrimination, race discrimination and sex discrimination)" has no bearing whatsoever on the elements Plaintiff must establish in this case, nor does any of the other information sought herein. Defendant further objects that this

21

interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. Moreover, Defendant objects to this interrogatory to the extent it seeks a narrative response more properly suited for other forms of discovery. Defendant further objects that this interrogatory is unduly burdensome and harassing in that it consists of multiple subparts, and as such, exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 17:** Identify each former employee of the defendant that has died at any of your fulfillment centers within the past 10 years. For each former employee state:

a) Describe in detail if any former employee complained to you concerning any physical conditions, which later resulted in their death.
b) Describe in detail how each employee died within your fulfillment center, (whether by suicide, heart attack and or natural disaster)
c) Describe in detail if any former employee that has died at your fulfillment center requested any accommodations at any time during their employment.
d) Identify the name, address of fulfillment center where the employee died, and position last held at your facility.
e) Identify the name, address, telephone, email, and position of the individual who discovered the employee who died within your facility.
f) Identify any employees with any knowledge of any employees that has died at your facility.
g) Identify any and all documents that relate to the interrogatory and or your answer.

**ANSWER:** Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 17 in that it is vague as to the terms "physical conditions" and "resulted." Defendant further objects to Interrogatory No. 17 in that it is overbroad in scope and time, unduly burdensome, and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. Plaintiff did not die and, thus, information as to any employee death has no bearing whatsoever on the elements Plaintiff must establish in this case, nor does any of the other information sought herein. Further, this interrogatory seeks details relating to employee deaths that have occurred at any fulfillment center for the past 10 years, for any reason whatsoever. Defendant further objects that this interrogatory seeks confidential and

private personal information thereby invading the individual privacy rights of third parties. Moreover, Defendant objects to this interrogatory to the extent it seeks a narrative response more properly suited for other forms of discovery. Defendant further objects that this interrogatory is unduly burdensome and harassing in that it consists of multiple subparts, and as such, exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 18:** Identify each current or former employee of the defendant that has been promoted within your fulfillment centers located in Wisconsin within the past 10 years. For each current or former employee state:

a) Provide a detailed description of the length of employment with you prior to promotion
b) Provide all relevant experience that supports that the employee was qualified for the position
c) Provide a detailed description of the Position which the employee was promoted to.
d) Identify each active application for a promotion in the last ten years.
e) Provide a detailed description of the employees promoted within the past ten years resume and or relevant experience.
f) Identify the race of each individual who received a promotion in the past ten years
g) Identify all documents that supports your answer

**ANSWER:** Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 18 in that it is vague as to the terms "promoted," "qualified," "active application," "relevant experience." and "resulted." Defendant further objects to Interrogatory No. 18 in that it is overbroad in scope and time, unduly burdensome, and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. As written, this interrogatory encompasses all promotions without consideration to the temporal and geographical scope relevant to this matter. The foregoing is exacerbated by the fact that this interrogatory encompasses not just the person promoted but unsuccessful applicants as well which would require Defendant to undertake a review of thousands of personnel files and to interview hundreds of supervisors. Defendant further objects to this interrogatory on the grounds that it seeks improper comparator evidence because the fact that any person, most of whom are not similarly

23

situated to Plaintiff may have been promoted has no bearing whatsoever on the elements Plaintiff must establish in this case, nor does any of the other information sought herein. Defendant further objects that this interrogatory seeks confidential and private personal information, including details related to requests for accommodation, thereby invading the individual privacy rights of third parties. Moreover, Defendant objects to this interrogatory to the extent it seeks a narrative response more properly suited for other forms of discovery. Defendant further objects that this interrogatory is unduly burdensome and harassing in that it consists of multiple subparts, and as such, exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 19:** Identify each undue hardship associated with your business operations and the plaintiff's requested accommodations.

- a) State whether you have provided any of the accommodations that were requested by the Plaintiff to any other employee employed at Amazon, despite your business operations.
- b) Identify all human resource reps and or managers responsible for providing accommodations similar to the plaintiff's accommodations to other employees employed with you the defendant.
- c) Describe in detail the hardship that you claim you would experience if you had provided the Plaintiffs requested accommodations.
- d) Identify each document which supports any hardship to your business operations.
- e) Identify the name, position, address, telephone and email of any employee who may have been provided with same accommodations that were requested by the plaintiff despite any hardships.
- f) State any policy to support any claims of hardship.
- g) State whether you have a policy that provides a hardship accommodation

**ANSWER:** Defendant refers Plaintiff to the Owner's Manual and Guide to Employment in effect during the relevant time period, which includes Defendant's Employees with Disabilities policy. All accommodations at the MKE1 facility where Plaintiff worked are handled by a centralized Accommodations team to ensure fairness, safety, and that medical information is properly handled. Responding further, Defendant refers Plaintiff to her medical file, including documents related to Defendant's efforts to engage in the interactive process with Plaintiff.

24

Notwithstanding the response above, Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 19 in that it is vague as to the terms "undue hardship," "associated," "business operations," "requested accommodations," "similar," and "hardship," "experience." Defendant further objects to Interrogatory No. 19 in that it is overbroad in scope and time, unduly burdensome, and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. As written, this interrogatory is objectionable in that it has no temporal or geographical limitation, particularly given the fact that Defendant employs thousands of employees at any given time throughout its many facilities, and in that it would require Defendant to undertake a review of thousands of personnel files. Defendant further objects to this Interrogatory on the grounds that it seeks improper comparator evidence because the fact that other employees, most of whom are not similarly situated to Plaintiff, may have sought accommodation and been granted or denied has no bearing whatsoever on the elements Plaintiff must establish in this case. Defendant also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. Defendant further objects that this interrogatory seeks confidential and private personal information, including details related to requests for accommodation, thereby invading the individual privacy rights of third parties. Defendant objects to this interrogatory to the extent it seeks the disclosure of confidential, proprietary, and/or trade secrets. Defendant also objects to this interrogatory to the extent it is argumentative in that it assumes facts not in evidence related to any requests for accommodations that Plaintiff allegedly made. Moreover, Defendant objects to this interrogatory to the extent it seeks a narrative response more properly suited for other forms of discovery. Defendant further objects that this interrogatory is unduly burdensome and harassing

25

in that it consists of multiple subparts, and as such, exceeds the number of interrogatories permitted

by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 20:** Identify all software such as , Salesforce and or Claim Vantage utilized to document and maintain the accommodation records and requests of your current and former employees in the past ten years. In your response state:

a) Identify the name of the company that you have utilized to document your accommodation process

b) State a detailed description of how each accommodation and or leave of absence is documented

c) Identify every employee, which has utilized your accommodation software at Amazon MKE1 in the past 10 Years

d) State a detailed description of the training you provided to each Manager and or HR personnel to utilize your accommodation software

e) State whether you documented the Plaintiff accommodation request and your alleged interactive process with the Plaintiff utilizing your accommodation software.

f) Identify if your accommodation process can be conducted only by phone

g) Identify if your accommodation process can be conducted in person

h) Identify if your accommodation process is time stamped.

i) Identify each policy that supports your accommodation process

j) Identify the individual position and title of the employee who is referenced in your policy to assist with accommodation request

**ANSWER:** Defendant refers Plaintiff to the Owner's Manual and Guide to Employment in effect during the relevant time period, which includes Defendant's Employees with Disabilities policy. All accommodations at the MKE1 facility where Plaintiff worked are handled by a centralized Accommodations team to ensure fairness, safety, and that medical information is properly handled. Responding further, Defendant refers Plaintiff to her medical file, including documents related to Defendant's efforts to engage in the interactive process with Plaintiff.

Notwithstanding the response above, Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 20 in that it is vague as to the terms "utilized," "document," "maintain," "training," "accommodation process," and "conducted." Defendant further objects to Interrogatory No. 20 in that it is overbroad in scope and time, unduly burdensome, and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the

26

needs of the case. As written, this interrogatory is objectionable in that it has an overly broad temporal scope and has no geographical limitation, particularly given the fact that Defendant employs thousands of employees at any given time throughout its many facilities, and in that it would require Defendant to undertake a review of thousands of records. Defendant further objects to this Interrogatory on the grounds that it seeks improper comparator evidence because the fact that other employees, most of whom are not similarly situated to Plaintiff, may have sought accommodation or a leave of absence and such has been granted or denied has no bearing whatsoever on the elements Plaintiff must establish in this case. Defendant also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. Defendant further objects that this interrogatory seeks confidential and private personal information, including that an employee sought an accommodation as well as their addresses and telephone numbers, thereby invading the individual privacy rights of third parties. Defendant also objects to this interrogatory to the extent it is duplicative of Interrogatory No. 6. Defendant objects to this interrogatory to the extent it seeks a narrative response more properly suited for other forms of discovery. Defendant further objects that this interrogatory is unduly burdensome and harassing in that it consists of multiple subparts, and as such, exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 21:** Identify each and every individual who has provided a response and assisted with the preparation of providing a response to each interrogatory contained herein.

**ANSWER:** These answers have been prepared by undersigned counsel, with information obtained through counsel's investigation. All of the information contained in these answers has been verified by Rykiel Rome, Senior HR Business Partner, MKE1.

Notwithstanding the response above, Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 21 in that it is vague as to the terms "provided," "response,"

27

"assisted," "preparation," and "providing." Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine.

Dated this 3rd day of November, 2022.

AMAZON.COM SERVICES LLC

By: ___/s/ Casey M. Kaiser___
One of Its Attorneys

Sofija Anderson (SBN 1041498)
Casey M. Kaiser (SBN 1088881)
LITTLER MENDELSON, P.C.
111 East Kilbourn Ave., Suite 1000
Milwaukee, WI 53202
Telephone: 414.291.5536
Facsimile: 414.291.5526
sanderson@littler.com
ckaiser@littler.com

28

## **VERIFICATION**

I, Rykiel Rome, state that I am currently a Senior HR Business Partner, MKE1 with Defendant; that I am authorized to verify Defendant's Answers and Objections to Plaintiff's First Set of Interrogatories to Defendant in the matter of *JASMINE OLIVER v. AMAZON.COM SERVICES LLC,* Case No. 22-CV-0149, pending in the United States District Court, Eastern District of Wisconsin; that the answers were prepared from information available to Defendant; and that I have read the foregoing interrogatory answers and believe that, to the best of my knowledge, the responses contained therein are true and accurate. To the extent I do not have personal knowledge of all of the information contained in the responses, I have relied upon information and documents provided by others which I believe to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Rykiel Rome

Name

Executed on: 11-03-2022

29