# Exhibit A

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

---

JASMINE OLIVER,

      Plaintiff,

      v.                                Case No. 22-CV-0149

AMAZON.COM SERVICES LLC,

      Defendant.

---

## DEFENDANT'S SUPPLEMENTAL ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

---

Defendant, AMAZON.COM SERVICES LLC (hereinafter "Defendant" or "Amazon"), by its attorneys, Littler Mendelson, P.C., hereby supplements its answers and objections to Plaintiff's First Set of Interrogatories to Defendant as follows:

**INTERROGATORY NO. 2:**      Identify all former and current employees, who assigned Kimberly, Davina, and Or Tayveion near the Plaintiff at your fulfillment center located in Kenosha, WI commonly referred to as Amazon MKE1. With respect to each person:

    a)    Provide the name, address, and telephone number of the person;

    b)    State the position of the person who assigned (Kimberly, Davina and or Tayveion) near the Plaintiff

    c)    State the date(s) and form (e.g., orally, by email, by social media) of your communications;

    d)    Provide a detailed summary of your communications; and

    e)    Identify any documents that reflect or relate to such occurrences of Kimberly, Davina,and or Tayveion assigned near the Plaintiff.

    f)    Identify if you were aware that the Plaintiff requested to not be assigned near (Kimberly, Davina, and or Tayveion.

    g)    Identify if you received any documents from the Plaintiff Physician advising you thatyou should NOT assign those mentioned in her LAWSUIT to work near her

    h)    Identify If after you received the documents of the Plaintiff accommodation requestfrom her physician if you continued to assign the Plaintiff work station near (Kimberly Nash, Davina, and or Tayveion Victorian.

**ANSWER:** In the pack department where Plaintiff worked, assignments are chosen at random, and supervisors are not aware who is paired up with who on a given day. Responding further, Defendant refers Plaintiff to her medical file, including documents related to Defendant's efforts to engage in the interactive process with Plaintiff.

Notwithstanding the response above, Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 2 in that it is vague as to the terms "assigned," "such occurrences," and "advising." Defendant further objects to Interrogatory No. 2 in that it is overbroad in scope and time, unduly burdensome, and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, this interrogatory seeks information covering the entirety of Plaintiff's employment and is not limited to the relevant period. Moreover, to "[i]dentify any documents that "reflect or relate to such occurrences of Kimberly, Davina, and or Tayveion assigned near the Plaintiff" would require Defendant to ask witnesses to recall on a day by day basis when this may have occurred and then conduct an overly burdensome search of documents related to witness' recollection related to same to locate any documents sought by Plaintiff. Further, this interrogatory asks Defendant to "[i]dentify all former and current employees, who assigned Kimberly, Davina, and or Tayveion near the Plaintiff," and for each individual, Plaintiff seeks multiple subparts of information. Defendant also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. Defendant further objects that this interrogatory seeks confidential and private personal information, including addresses and telephone numbers, thereby invading the individual privacy rights of third parties. Moreover, Defendant objects to this interrogatory to the extent it seeks a narrative response more properly suited for other forms of discovery. Defendant further objects that this interrogatory is unduly burdensome and harassing in that it consists of multiple subparts, and as such, exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

**SUPPLEMENTAL ANSWER:** In the pack department where Plaintiff worked, work assignments are assigned by Area Managers and/or Process Assistants. These assignments are chosen at random, and supervisors are not aware who is paired up with who on a given day, nor are the assignments tracked or a record kept of the assignments. Responding further, Defendant refers Plaintiff to her medical file, including documents related to Defendant's efforts to engage in the interactive process with Plaintiff.

Notwithstanding the response above, Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 2 in that it is vague as to the terms "assigned," "such occurrences," and "advising." Defendant further objects to Interrogatory No. 2 in that it is overbroad in scope and time, unduly burdensome, and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, this interrogatory seeks information covering the entirety of Plaintiff's employment and is not limited to the relevant period. Moreover, to "[i]dentify any documents that "reflect or relate to such occurrences of Kimberly, Davina, and or Tayveion assigned near the Plaintiff" would require Defendant to ask witnesses to recall on a day by day basis when this may have occurred and then conduct an overly burdensome search of documents related to witness' recollection related to same to locate any documents sought by Plaintiff. Further, this interrogatory asks Defendant to "[i]dentify all former and current employees, who assigned Kimberly, Davina, and or Tayveion near the Plaintiff," and for each individual, Plaintiff seeks multiple subparts of information. Defendant also objects to this interrogatory to the extent it seeks information protected by the

attorney-client privilege and work-product doctrine. Defendant further objects that this interrogatory seeks confidential and private personal information, including addresses and telephone numbers, thereby invading the individual privacy rights of third parties. Moreover, Defendant objects to this interrogatory to the extent it seeks a narrative response more properly suited for other forms of discovery. Defendant further objects that this interrogatory is unduly burdensome and harassing in that it consists of multiple subparts, and as such, exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 11:**  Provide a detailed description of each communication you had with the Plaintiff's physician after you were provided with the Plaintiff's physician contact information within a letter for accommodations:

    a)     Identify the name, phone number, job title, location and contact method used to contact the Plaintiff's physician;

    b)     State the specific date, which you contacted the Plaintiff's Physician;

    c)     State the facts that support, relate to, or evidence that you contacted the Plaintiff's physician.

    d)    Describe in detail your conversation with the Plaintiff's physician.

    e)    Describe the action you took after you were aware of the plaintiff's physician recommendations for accommodations

    f)     State whether you provided the accommodations recommended by the Plaintiff's physician.

    g)    Identify all documents that relate to your response and the interrogatory requests.

    **ANSWER:** Defendant refers Plaintiff to her medical file, including documents related to Defendant's efforts to engage in the interactive process with Plaintiff.

    Notwithstanding the response above, Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 11 in that it is vague as to the terms "provided," "contacted," "conversation," and "recommended." Defendant objects to Interrogatory No. 10 in that it is unduly burdensome and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses. In particular, this interrogatory asks Defendant to provide details related to "each communication you had with the Plaintiff's physician," including, but not limited to, the "contact method used to contact the Plaintiff's physician," and a detailed description of any "conversation with Plaintiff's physician." Defendant also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. Moreover, Defendant objects to this interrogatory to the extent it seeks a narrative response more properly suited for other forms of discovery. Defendant further objects that this interrogatory is unduly burdensome and harassing in that it consists of multiple subparts, and as such, exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

    **SUPPLEMENTAL ANSWER:** Defendant refers Plaintiff to her medical file, including documents related to Defendant's efforts to engage in the interactive process with Plaintiff, produced at Amazon (Oliver) 0001346 -Amazon (Oliver) 00001384; Amazon (Oliver) 0001616 – Amazon (Oliver) 0001619; Amazon (Oliver) 0001622 – Amazon (Oliver) 0001628.

    Notwithstanding the response above, Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 11 in that it is vague as to the terms "provided," "contacted," "conversation," and "recommended." Defendant objects to Interrogatory No. 10 in

that it is unduly burdensome and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses. In particular, this interrogatory asks Defendant to provide details related to "each communication you had with Plaintiff's physician," including, but not limited to, the "contact method used to contact the Plaintiff's physician," and a detailed description of any "conversation with Plaintiff's physician." Defendant also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. Moreover, Defendant objects to this interrogatory to the extent it seeks a narrative response more properly suited for other forms of discovery. Defendant further objects that this interrogatory is unduly burdensome and harassing in that it consists of multiple subparts, and as such, exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 14:**    Provide a detailed description of the reason(s) you terminated the Plaintiff's employment on June 18th, 2020:

    a)    State the dates in which you contacted the Plaintiff to communicate that she had been terminated.

    b)    Provide a detailed description of the method you attempted to use or used to communicate that the Plaintiff had been terminated.

    c)    State every reason(s) why you terminated the Plaintiff ;

    d)    For reasons related to termination and policy state whether your code of conduct policy contains a waiver;

    e)    Identify all persons, other than you, who have knowledge of facts related to the Plaintiff's termination, and with respect to each person, state with specificity the facts known and how such knowledge was obtained; and

    f)    Identify any documents that relate in any way to the foregoing answers.

    g)    In your answer to Interrogatory 14 (b) found above identify all employees who were terminated for similar situated events and;

    h)    Identify if all employees whom you identified in your prior answers, who were or were not terminated for similar reasons, state whether you issued any warnings.

    i)    Identify if you communicated that the Plaintiff would not be eligible for future employment with you the defendant.

    j)    Provide a detailed description of the position you offered the Plaintiff after your stated reasons for termination.

**ANSWER:** Defendant terminated Plaintiff's employment for inappropriate conduct toward another associate. In May 2020, Plaintiff acted disrespectfully toward another associate when she was asked by the other associate to social distance in accordance with the CDC recommendations. Less than a week later, Plaintiff threatened the associate, shouting at her and repeatedly cursing at her, saying "fight me bitch, I have gone to jail for beating bitches' ass before" and similar profanity. Accordingly, Defendant terminated Plaintiff's employment effective June 19, 2020, for her conduct in violation of Amazon's Standards of Conduct. Amazon Human Resources notified Plaintiff of her termination by letter, following a suspension that had begun on May 23, 2020, pending an investigation into the behavior for which Plaintiff was ultimately terminated. Associates are not able to waive their obligations under Defendant's Owner's Manual and Guide to Employment. Plaintiff was not offered a position following the termination of her employment. Defendant refers Plaintiff to Defendant's Initial Disclosures which state the subject matters each person is believed to be knowledgeable. Moreover, Defendant refers Plaintiff to the

documents produced herewith, including documents related to the termination of Plaintiff's employment and Defendant's Owner's Manual and Guide to Employment.

Notwithstanding the response above, Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 14 in that it is vague as to the terms "contacted," "communicated," "waiver," "similar situated events," "similar reasons," and "offered." Defendant further objects to Interrogatory No. 14 in that it is overbroad in scope and time, unduly burdensome, and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, this interrogatory asks Defendant to "identify all employees who were terminated for similar [sic] situated events" and to "state whether you issued any warnings" to the employees identified. As written, subparts (g) and (h) are objectionable in that there is neither a temporal nor geographic limitation to them, particularly given the fact that Defendant employs thousands of employees at any given time throughout its many facilities, and in that it would require Defendant to undertake a review of thousands of personnel files and to interview hundreds of supervisors as the interrogatory also seeks information for persons not terminated and, thus, there may be no written record with respect thereto. Defendant objects to this Interrogatory on the grounds that it seeks improper comparator evidence because the fact that other employees, most of whom are not similarly situated to Plaintiff, may or may not have been terminated has no bearing whatsoever on the elements Plaintiff must establish in this case. Defendant objects to this interrogatory as it seeks private, confidential information with respect to third-parties, specifically in that it seeks their termination information. Defendant also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. Moreover, Defendant objects to this interrogatory to the extent it seeks a narrative response more properly suited for other forms of discovery. Defendant further objects that this interrogatory is unduly burdensome and harassing in that it consists of multiple subparts, and as such, exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

**SUPPLEMENTAL ANSWER:** Defendant terminated Plaintiff's employment for inappropriate conduct toward another associate effective June 19, 2020. In May 2020, Plaintiff acted disrespectfully toward another associate when she was asked by the other associate to social distance in accordance with the CDC recommendations. Less than a week later, Plaintiff threatened the associate, shouting at her and repeatedly cursing at her, saying "fight me bitch, I have gone to jail for beating bitches' ass before" and similar profanity. Accordingly, Defendant terminated Plaintiff's employment effective June 19, 2020, for her conduct in violation of Amazon's Standards of Conduct. Amazon Human Resources notified Plaintiff of her termination by letter, following a suspension that had begun on May 23, 2020, pending an investigation into the behavior for which Plaintiff was ultimately terminated. Termination letters are typically sent via email within 24 hours of the effective termination date. Associates are not able to waive their obligations under Defendant's Owner's Manual and Guide to Employment. Plaintiff was not offered a position following the termination of her employment. Defendant refers Plaintiff to Defendant's Initial Disclosures which state the subject matters each person is believed to be knowledgeable. Moreover, Defendant refers Plaintiff to the documents produced herewith, including documents related to the termination of Plaintiff's employment and Defendant's Owner's Manual and Guide to Employment.

Notwithstanding the response above, Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 14 in that it is vague as to the terms "contacted,"

5

"communicated," "waiver," "similar situated events," "similar reasons," and "offered." Defendant further objects to Interrogatory No. 14 in that it is overbroad in scope and time, unduly burdensome, and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, this interrogatory asks Defendant to "identify all employees who were terminated for similar [sic] situated events" and to "state whether you issued any warnings" to the employees identified. As written, subparts (g) and (h) are objectionable in that there is neither a temporal nor geographic limitation to them, particularly given the fact that Defendant employs thousands of employees at any given time throughout its many facilities, and in that it would require Defendant to undertake a review of thousands of personnel files and to interview hundreds of supervisors as the interrogatory also seeks information for persons not terminated and, thus, there may be no written record with respect thereto. Defendant objects to this Interrogatory on the grounds that it seeks improper comparator evidence because the fact that other employees, most of whom are not similarly situated to Plaintiff, may or may not have been terminated has no bearing whatsoever on the elements Plaintiff must establish in this case. Defendant objects to this interrogatory as it seeks private, confidential information with respect to third-parties, specifically in that it seeks their termination information. Defendant also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. Moreover, Defendant objects to this interrogatory to the extent it seeks a narrative response more properly suited for other forms of discovery. Defendant further objects that this interrogatory is unduly burdensome and harassing in that it consists of multiple subparts, and as such, exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 15:**     Provide a detailed description of the reason(s) you indefinitely suspended the Plaintiff without pay on May 23rd, 2020.

    a)    State the dates on which you communicated that the Plaintiff had been suspended.
    b)    State every reason(s) why you suspended the Plaintiff ;
    c)    For reasons related to your decision to suspend the Plaintiff state whether your code of conduct policy contains a waiver;
    d)    Identify all persons, other than you, who have knowledge of facts related to the Plaintiff's suspension, and with respect to each person, state with specificity the facts known and how such knowledge was obtained; and
    e)    Identify any documents that relate in any way to the foregoing answers.
    f)    Identify what factors determined if Marissa should or should not be suspended
    g)    State a detailed description of the length in which Marissa was suspended.
    h)    In your answer to Interrogatory 15 (b) found above identify all employees who were or were not suspended for similar situated events and;
    i)    Identify if all employees whom you identified in your prior answers, who engaged in similar events relating to the Plaintiff's suspension and state whether you issued warnings.

**ANSWER:** In May 2020, Plaintiff acted disrespectfully toward another associate when she was asked by the other associate to social distance in accordance with the CDC recommendations. Less than a week later, Plaintiff threatened the associate, shouting at her and repeatedly cursing at her, saying "fight me bitch, I have gone to jail for beating bitches' ass before" and similar profanity. This confrontation was reported on May 23, 2020 and Plaintiff was

suspended that same day, pending an investigation. Associates are not able to waive their obligations under Defendant's Owner's Manual and Guide to Employment. Defendant refers Plaintiff to Defendant's Initial Disclosures which state the subject matters each person is believed to be knowledgeable. Moreover, Defendant refers Plaintiff to the documents produced herewith, including documents related to the termination of Plaintiff's employment and Defendant's Owner's Manual and Guide to Employment.

Notwithstanding the response above, Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 15 in that it is vague as to the terms "indefinitely," "communicated," "waiver," "length," "similar situated events," and "similar events." Defendant further objects to Interrogatory No. 15 in that it is overbroad in scope and time, unduly burdensome, and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, this interrogatory asks Defendant to provide details related to another associate's employment, "identify all employees who were or were not suspended for similar [sic] situated events," and to "state whether [Defendant] issued warnings" to the employees identified. As written, subparts (h) and (i) are objectionable in that there is neither a temporal nor geographic limitation to them, particularly given the fact that Defendant employs thousands of employees at any given time throughout its many facilities, and in that it would require Defendant to undertake a review of thousands of personnel files and to interview hundreds of supervisors as the interrogatory also seeks information for persons not suspended and, thus, there would be no written record with respect thereto. Defendant objects to this Interrogatory on the grounds that it seeks improper comparator evidence because the fact that other employees, most of whom are not similarly situated to Plaintiff, may or may not have been suspended has no bearing whatsoever on the elements Plaintiff must establish in this case. Defendant objects to this interrogatory as it seeks private, confidential information with respect to third-parties, specifically in that it seeks their termination information. Defendant objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. Defendant also objects to this interrogatory to the extent it is argumentative in that it assumes facts not in evidence related to the terms of the suspension of Plaintiff's employment. Moreover, Defendant objects to this interrogatory to the extent it seeks a narrative response more properly suited for other forms of discovery. Defendant further objects that this interrogatory is unduly burdensome and harassing in that it consists of multiple subparts, and as such, exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

**SUPPLEMENTAL ANSWER:**     In May 2020, Plaintiff acted disrespectfully toward another associate when she was asked by the other associate to social distance in accordance with the CDC recommendations. Less than a week later, Plaintiff threatened the associate, shouting at her and repeatedly cursing at her, saying "fight me bitch, I have gone to jail for beating bitches' ass before" and similar profanity. This confrontation was reported on May 23, 2020 and Plaintiff was suspended that same day, pending an investigation. Marissa Dyess was not suspended over the May 23, 2020 incident because video footage of the incident and witness statements confirmed that she tried to get away from Plaintiff. Associates are not able to waive their obligations under Defendant's Owner's Manual and Guide to Employment. Defendant refers Plaintiff to Defendant's Initial Disclosures which state the subject matters each person is believed to be knowledgeable. Moreover, Defendant refers Plaintiff to the documents produced herewith, including documents related to the termination of Plaintiff's employment and Defendant's Owner's Manual and Guide to Employment.

Notwithstanding the response above, Defendant objects to this Interrogatory as follows: Defendant objects to Interrogatory No. 15 in that it is vague as to the terms "indefinitely," "communicated," "waiver," "length," "similar situated events," and "similar events." Defendant further objects to Interrogatory No. 15 in that it is overbroad in scope and time, unduly burdensome, and seeks information that is not relevant to Plaintiff's claims or Defendant's defenses, or proportional to the needs of the case. In particular, this interrogatory asks Defendant to provide details related to another associate's employment, "identify all employees who were or were not suspended for similar [sic] situated events," and to "state whether [Defendant] issued warnings" to the employees identified. As written, subparts (h) and (i) are objectionable in that there is neither a temporal nor geographic limitation to them, particularly given the fact that Defendant employs thousands of employees at any given time throughout its many facilities, and in that it would require Defendant to undertake a review of thousands of personnel files and to interview hundreds of supervisors as the interrogatory also seeks information for persons not suspended and, thus, there would be no written record with respect thereto. Defendant objects to this Interrogatory on the grounds that it seeks improper comparator evidence because the fact that other employees, most of whom are not similarly situated to Plaintiff, may or may not have been suspended has no bearing whatsoever on the elements Plaintiff must establish in this case. Defendant objects to this interrogatory as it seeks private, confidential information with respect to third-parties, specifically in that it seeks their termination information. Defendant objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. Defendant also objects to this interrogatory to the extent it is argumentative in that it assumes facts not in evidence related to the terms of the suspension of Plaintiff's employment. Moreover, Defendant objects to this interrogatory to the extent it seeks a narrative response more properly suited for other forms of discovery. Defendant further objects that this interrogatory is unduly burdensome and harassing in that it consists of multiple subparts, and as such, exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

Dated this 23rd day of January, 2023.

AMAZON.COM SERVICES LLC

By: ___*/s/ Casey M. Kaiser*___
One of Its Attorneys

Sofija Anderson (SBN 1041498)
Casey M. Kaiser (SBN 1088881)
LITTLER MENDELSON, P.C.
111 East Kilbourn Ave., Suite 1000
Milwaukee, WI 53202
Telephone: 414.291.5536
Facsimile: 414.291.5526
sanderson@littler.com
ckaiser@littler.com

8

## VERIFICATION

I, Rykiel Rome, state that I am currently a Senior HR Business Partner, MKE1 with Defendant; that I am authorized to verify Defendant's Supplemental Answers and Objections to Plaintiff's First Set of Interrogatories to Defendant in the matter of *JASMINE OLIVER v. AMAZON.COM SERVICES LLC*, Case No. 22-CV-0149, pending in the United States District Court, Eastern District of Wisconsin; that the answers were prepared from information available to Defendant; and that I have read the foregoing interrogatory answers and believe that, to the best of my knowledge, the responses contained therein are true and accurate. To the extent I do not have personal knowledge of all of the information contained in the responses, I have relied upon information and documents provided by others which I believe to be true.

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*

RYKIEL ROME
Name

Executed on: 1-20-2023

10

# Exhibit B

 **Gmail**

Jasmine Oliver <mugsoliverjasmine@gmail.com>

## Employment Status
2 messages

**Norphlet, Tifashia** <tifashia@amazon.com>                        Thu, Jun 18, 2020 at 7:47 PM
To: "mugsoliverjasmine@gmail.com" <mugsoliverjasmine@gmail.com>, "mke1-hr@amazon.com" <mke1-hr@amazon.com>

Hello Jasmine Oliver,


I tried to reach out to you by phone but was unable to connect with you. After careful review, you were found to be in violation of workplace rules and policy. Due to this, you will not be eligible for rehire at Amazon. Your benefits will last until the end of this month and your vacation will be paid out to you on your final check which will be Friday, June 26th.


We appreciate your time with Amazon and wish you the best in your future endeavors.


Kind regards,



Tifashia Norphlet

**Senior Human Resources Assistant – MKE1**

*North American Fulfillment*

**e:** tifashia@amazon.com




**Jasmine Oliver** <mugsoliverjasmine@gmail.com>                        Wed, Feb 16, 2022 at 9:39 AM
To: Jasmine Oliver <prosejasmine804@gmail.com>

[Quoted text hidden]

--

Jasmine Oliver

B.A.Business Administration of HR Management

8221 W Oklahoma Ave Milwaukee,WI 53219
m: (414) 640-1505
e: mugsoliverjasmine@gmail.com





The content of this email is confidential and intended for the recipient specified in message only. It is strictly forbidden to share any part of this message with any third party, without a written consent of the sender. If you received this message by mistake, please reply to this message and follow with its deletion, so that we can ensure such a mistake does not occur in the future.

# Exhibit C



Jasmine Oliver
8221 West Oklahoma Avenue Apt 3
Milwaukee, WI 53219

Dear Jasmine (EEID: 104003248):

This letter confirms that the date of involuntary termination of your employment with Amazon.com Services LLC is June 19, 2020.

You have executed a Confidentiality and Invention Assignment Agreement with the Company. You are reminded that certain provisions of the agreement survive the termination of your employment with the Company and remain in full force and effect. Your agreement is available for review in the MyDocs portal for 90 calendar days after the end of your employment.

We wish you the best in your future endeavors.

Sincerely,
Amazon Human Resources




 **Gmail**

Jasmine Oliver <mugsoliverjasmine@gmail.com>

## Termination Documents are Available for Review
1 message

**MyDocs-noreply** <MyDocs-noreply@onbaseonline.com>                    Sat, Jun 20, 2020 at 7:25 PM
To: mugsoliverjasmine@gmail.com

Dear Jasmine,

Please review your termination letter attached to this email. Your termination and employment documents are available for review on the MyDocs portal for 90 calendar days after the end of your employment. To access the MyDocs portal, navigate to https://amazon.onbaseonline.com and input your personal email address and password.

Thank you,

Amazon Human Resources

📄 **Termination Letter - Employee ID  104003248 - Oliver, Jasmine.pdf**
27K