## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**JASMINE OLIVER,**

     **Plaintiff,**

     **v.**                                                    **Case No. 22-CV-149**

**AMAZON.COM SERVICES, LLC,**

     **Defendant.**

---

## DECISION AND ORDER DENYING PLAINTIFF'S
## MOTION FOR RECONSIDERATION

---

Jasmine Oliver, who is representing herself, sues her former employer, Amazon.com Services, LLC, alleging failure to accommodate and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112, et seq.; discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; and discrimination based on race in violation of 42 U.S.C. § 1981. After multiple discovery disputes between the parties, Oliver moved for sanctions for Amazon's alleged failure to comply with this Court's order to compel production of discovery and for spoliation sanctions based on Amazon's alleged destruction of surveillance video and job applications that Oliver contends are vital to proving her case. On May 8, 2023, I denied Oliver's motion. (Docket # 60.) Presently before me is Oliver's expedited non-dispositive motion pursuant to Fed. R. Civ. P. 59(e) for reconsideration of the spoliation decision. (Docket # 61.)

## LEGAL STANDARD

Although Oliver moves for reconsideration of the spoliation decision under Fed. R. Civ. P. 59(e), Rule 59 address motions to alter or amend a judgment. No judgment has yet been entered in this case. Rather, what Oliver appears to request is for reconsideration under Rule 54(b). Rule 54(b) allows a court to exercise its inherent authority to reconsider nonfinal orders. *See Civix-DDI, LLC v. Hotels.com, LP*, 904 F. Supp. 2d 864, 866 (N.D. Ill. 2012) (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("Every order short of a final decree is subject to reopening at the discretions of the . . . judge.").

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665–66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). While "[a] court has the power to revisit prior decisions of its own," courts "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

## ANALYSIS

Oliver's motion appears to be two-fold. First, Oliver argues that she raised facts which were the foundation of her spoliation claim that the Court failed to address, namely, the alteration of accommodation records and two inconsistent termination dates. (Docket # 61

2

at 1–3.) Oliver argues that these facts prove Amazon's intent to deprive her of the surveillance footage. Second, Oliver argues that the spoliation decision was based on Amazon's false declaration that video surveillance footage is deleted after fourteen days pursuant to the company's regular retention policy. (Docket # 61 at 2.) Oliver appends to her motion Exhibit A, which she contends provides proof that Amazon does not automatically delete video surveillance footage after fourteen days, thus proving Amazon's intent by its selective deletion of files. (*Id.* at 2–3.)

As an initial matter, Amazon states that the email correspondence Oliver marks as Exhibit A in her motion for reconsideration was produced to her in discovery on November 3, 2022. (Docket # 63 at 2.) Reconsideration is not the proper vehicle in which to present facts or arguments that were available to a party in her initial motion. Rather, it is for "newly discovered evidence." Ordinarily, to constitute "new evidence," the moving party must show not only that the evidence was newly discovered, but also that it could not have been timely discovered "with reasonable diligence." *United States v. Spectrum Brands, Inc.*, 218 F. Supp. 3d 794, 803–04 (W.D. Wis. 2016). Oliver fails to do so.

Even setting aside the fact that this is not "newly discovered evidence," in the spoliation decision, I concluded that Oliver indeed demonstrated that ESI was lost because Amazon failed to take reasonable steps to preserve it, thus meeting the threshold requirement of Fed. R. Civ. P. 37(e). (Docket # 60 at 6–10.) Where Oliver's motion fell short, however, was in the remedy she was requesting. Once the threshold requirements of Rule 37(e) are met, Rule 37(e)(1) and (2) provide the appropriate remedies. These include: (1) upon a finding of prejudice from the loss of the information, a measure no greater than necessary to cure the prejudice and (2) upon a finding of intent to deprive another party of the information's use in

the litigation, an adverse inference or dismissal of the action. Fed. R. Civ. P. 37(e)(1) and (2). I found that Oliver failed to demonstrate how she was prejudiced by the loss of the information in order to warrant a remedy under Rule 37(e)(1), and failed to show Amazon's intent to deprive her of the information's use in the litigation, to warrant a remedy under Rule 37(e)(2). (Docket # 60 at 11–13.)

Oliver's reconsideration motion does not present any manifest errors of law or fact. While Oliver argues that the Court failed to consider her asserted facts of Amazon's alteration of accommodation records and inconsistent termination dates (Docket # 61 at 1–2), she fails to explain how this bolsters her argument that Amazon intentionally deleted security footage to deprive her of it in litigation.

And as to the newly provided Exhibit A, Oliver includes an email between Senior Human Resources Assistant, Tifashia Norphlet, and Human Resources Business Partner, Rykiel Rome, in which Rome asks Norphlet whether the other employee allegedly involved in the altercation leading to Oliver's termination would be "comfortable sharing that recording with us?" (Docket # 61-1 at 5.) Norphlet responded by stating that "Marissa said she did not record. Jasmine said that Marissa recorded her but Marissa denied recording and the other AAs could not confirm that Marissa had her phone out and recorded." (*Id.* at 4.) Oliver then highlights an email Rome sent several days later stating "footage is saved in the HR/LP shared Drive." (*Id.* at 2.)

Oliver argues that this email proves that Norphlet's declaration was false when she averred that the surveillance footage of the altercation leading to her termination was deleted during regular file clean-up. Oliver argues that the email shows that the footage existed on June 11, 2020, more than fourteen days after the alleged May 23, 2020 incident, contrary to

4

Norphlet's assertion. (Docket # 61 at 3.) But even assuming that Oliver is correct that the "Footage is saved" statement refers to video surveillance taken of the altercation and that this footage indeed existed five days after Amazon's stated auto-delete period, this still does not bridge the evidentiary gap of showing that Amazon intended to destroy the information to deprive Oliver of its use in litigation.

Oliver has not shown that reconsideration is warranted under Rule 54(b). Thus, the motion is denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's expedited non-dispositive motion for reconsideration (Docket # 61) is **DENIED**.

Dated at Milwaukee, Wisconsin this 23rd day of May, 2023

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge

5